## Nellie M. Presley, Administratrix, Appellee, v. Kinlock-Bloomington Telephone Company et al., Appellants.

1. PLEADING—*admissions implied from general issue.* Held, that the ownership and operation of telephone wires was admitted by the filing of the plea of the general issue.

2. NEGLIGENCE—*when doctrine of assumed risk does not apply.* The doctrine of assumed risk is only applicable to cases arising between master and servant.

3. NEGLIGENCE—*when exclusion of evidence erroneous.* If evidence as to the proper and approved method of doing certain work is admitted it is error to exclude evidence in denial.

4. NEGLIGENCE—*when ordinance competent to rebut charge of.* If the plaintiff claim that certain methods of construction are negligent it is error to exclude an ordinance offered by the defendant which required the adoption of the methods of construction so complained of.

5. EVIDENCE—*what competent upon probable duration of life.* It is proper to use approved standard life tables to show the probable duration of the life lost and of the next of kin of the deceased.

6. INSTRUCTIONS—*when upon liability for negligence erroneous.* An instruction is erroneous which charges the defendant with liability for negligence without limiting such charge to the negligence alleged in the declaration.

7. INSTRUCTIONS—*when upon question of damages erroneous.* An instruction upon the subject is erroneous which does not limit the jury to the evidence as the basis of fixing the compensation to be awarded.

Action in case for death caused by alleged wrongful act. Appeal from the Circuit Court of McLean county; the Hon COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed October 18, 1910.

LILLARD & WILLIAMS, SIGMUND LIVINGSTON and WILLIAM R. BACH, for appellants.

JACOB P. LINDLEY and JOHN E. POLLOCK, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case by Nellie M. Presley, administratrix of the estate of John W. Presley, deceased, against Kinlock-Bloomington Telephone Company (hereinafter designated as the Telephone Co.), Bloomington & Normal Railway &. Light Company (hereinafter designated as the Lighting Co.), and Bloomington & Normal Railway, Electric & Heating Company. Upon a trial by jury a verdict was returned against all of the defendants, for the sum of $10,000. After verdict the suit was dismissed as to the Bloomington & Normal Railway, Electric & Heating Company, a *remittitur* of $3,000 was entered by the plaintiff, and judgment for $7,000 rendered against

the remaining defendants, who are the appellants in this court.

The declaration charges that plaintiff's intestate, who was in the employ of the city of Bloomington, while engaged in trimming a street lighting lamp, was killed through coming in contact with a high tension electric current, which was being conveyed upon the wires which were a part of a system maintained and operated by the city for lighting the streets. The declaration further charges that said current was conveyed to the city wire by a telephone wire belonging to and controlled by the defendant Telephone Co. as a part of its system, and that through the negligence of the defendants, said telephone wire became rusted and defective and by reason thereof broke and fell upon the wire of the Lighting Co., and also upon the city wire, thus creating a cross, whereby the high current upon the wire of the Lighting Co. was conveyed to the city wire; and that the insulation of the Lighting Co. was ragged, torn and worn out, and that there was no guard between the telephone wire and the lighting wire, by reason whereof Presley was killed as aforesaid. One count is predicated upon the violation of an ordinance of the city which provided that "any electric wire pole or electrical support or other electrical apparatus in said city which shall not be properly insulated or installed or shall cause any unnecessary risk or danger to person or property in said city is hereby declared to be a nuisance, and any person, company or corporation who shall maintain or use the same in such dangerous condition shall be fined as hereinafter provided. And the city electrician is hereby authorized to cut out the same and prevent its further use." The general issue only was pleaded.

The evidence discloses the following facts: On and prior to October 26, 1907, the city of Bloomington maintained and operated an electric system for the purpose of lighting its streets, over the wires of which

a current of electricity passed in the night time only. The defendant Lighting Co. maintained a system for the purpose of furnishing electricity to its street car line and light and heat to private citizens. A current of the strength of 2,200 volts was in circulation upon its line during the entire time. The Telephone Co. maintained poles and wires through a certain alley running east and west lying between Washington and Jefferson streets. Its wires extended across Prairie street which runs north and south. The Lighting Co. maintained certain wires which ran north and south on the west side of Prairie street in said city and passed underneath the telephone wires at a distance of four or five feet. The city also had a wire running north and south on Prairie street, attached to the same poles with the Lighting Co., and at about the same level. There were no guards or sufficient protection to prevent the telephone wires, in case the same parted, from falling on the wires of the Lighting Co. On the day in question one of them broke and fell across and rested upon both the wires of the Lighting Co. and the city wire. A current of 2,200 volts was thus carried from the Lighting Co. wire to the telephone wires, thence across to the city wire, and along the same to a point at Gridley and Mill streets, where Presley, at about eleven o'clock in the day-time, was engaged in trimming an electric lamp. Through contact with the city wire he was instantly killed. An examination of the surroundings immediately thereafter disclosed that the insulation on the electric light wire was in good condition, but that there was no guard or netting to prevent it from coming in contact with the other wires, and a test then made showed that while the telephone wire was resting upon the electric light wire and the city wire, the latter wire carried the high tension current, but that when the telephone wire was removed such current was absent.

The Lighting Co. contends that the evidence shows

that the volt wire in question was owned and controlled by the Union Gas & Electric Co. and that the only connection the Lighting Co. had therewith was that it generated electricity at its light plant and sold and delivered the electric current when generated, to said Union Gas & Electric Co. at the Lighting Co. plant, where the current was measured through meters, and that thereafter the Lighting Co. had no authority or control of said current, or of the wires of said Union Gas & Electric Co. upon which it was thereafter conveyed. The Telephone Co. contends that the proof shows that the wire which fell and is charged in the declaration as belonging to and being controlled by it as a part of its telephone system, together with the poles and cross-arms upon which it was strung, belonged to the McLean County Telephone Co. It is therefore contended that because of the failure of the plaintiff to prove the averments of the declaration as to the ownership and operation of the respective wires, a verdict should have been directed in their favor. By pleading the general issue only, the defendants impliedly conceded that at the time of the death of Presley, they owned and were operating the wires in question. McNulta v. Lockridge, 137 Ill. 270; Life Ass'n v. Wells, 200 Ill. 445; Ry. Co. v. Carroll, 206 Ill. 318; Penn. Co. v. Chapman, 220 Ill. 428; Tract. Co. v. Jerka, 227 Ill. 95; Pell v. R. R. Co., 238 Ill. 510; Winn v. R. R. Co., 239 Ill. 122; Brunhild v. Traction Co., 239 Ill. 621. No proof of the ownership or control of the wires was necessary, inasmuch as the averments of the declaration in that regard are not put in issue by the pleadings, and were thus admitted.

While the evidence is somewhat in conflict, we are of opinion after a careful review of all the evidence, that it tends to show that the wires in question were not properly protected or guarded, so as to prevent contact between them and the deflection of the current of electricity from one to the other; that the defect was one of original construction; that Presley at the

time he met with his death was in the exercise of due care and caution for his own safety, and that his death was caused by reason of his having come in contact with the city wire as charged in the declaration. These issues were of fact, and were properly submitted to the jury. It cannot be held, as contended, that Presley assumed the risk of injury as an incident to his employment, as he was not in the service of either of the defendants. The doctrine of assumed risk is only applicable to cases arising between master and servant. Conrad v. Springfield Railway Co., 240 Ill. 12.

It is complained that the trial court erred in its rulings upon the admissibility of evidence. We think this contention well founded in the following particulars: The plaintiff was permitted to introduce evidence tending to show that the proper and approved method of stringing wires over high tension wires was to erect or construct a guard or net of wires so as to prevent the upper wires from falling upon the high tension wires below. The defendants sought to introduce evidence to the contrary but were not permitted to do so. This was error. Whether the maintenance and operation of the wires were in accordance with the approved and customary method, and whether guards or netting was the usual construction, were material issues in the case. The defendants also offered in evidence ordinances of the city which provided for the consolidation of wires on any pole or system of poles of any other company, under the direction of the city electrician; also providing how electric wires should be insulated, and further, that all telephone and telegraph wires should be strung upon the same set of poles so far as possible. The ordinance in question tended to show that the method of construction adopted by the defendant was, in part at least, in compliance with the city ordinances, and that the Telephone Co. was compelled by the same to

use the pole in question. The facts shown by the ordinance were material to the issues in the case, and it was error to refuse to admit them in evidence.

The court did not err in admitting the life tables for the purpose of showing the prospective life of the plaintiff. It is proper to use approved standard life tables to show the probable duration of the life lost (Calvert v. Light Co., 231 Ill. 290), and of the next of kin of the deceased. Swift v. Gaylord, 229 Ill. 330. The propriety of their use to show the expectancy of the life of the plaintiff, unless accompanied by proof of the prospective life of the deceased, is questioned by appellants. It will suffice to say that appellants were at liberty to introduce the latter proof if they so desired. Numerous other errors upon the question of admissibility of evidence are urged and argued. It would unduly extend the length of this opinion to discuss the same in detail. Some of them are well assigned, but will doubtless be corrected upon another trial.

Plaintiff's given instruction 3 charged the jury that the Telephone Co. might be responsible for any negligence that might have occurred on account of the defect or condition of any of the wires upon said pole. This instruction was erroneous, for the reason that it did not limit the responsibility of the Telephone Co. to the negligence charged in the declaration. It is elementary that recovery can be had only on the negligence charged in the declaration. Ratner v. Ry. Co., 233 Ill. 169. The instruction is further defective in that it directs the jury that the Telephone Co. might be responsible for any "negligence" that may have occurred on account of the defect or condition of any of the wires on said pole, thus ignoring the issue as to whether or not said company exercised proper care in construction and maintenance; and furthermore makes such company responsible for any negligence no matter who may have been guilty of the same, and

whether known to said company or not. Plaintiff's given instruction 4 in effect tells the jury that it is incumbent upon them to find some one guilty, and should not have been given. Number 5 tells the jury that if the death was caused by the negligence of the defendants or of some one or more of them, as charged in said additional counts, the plaintiff was entitled to recover. The instruction should have been so limited as to give a right of recovery only against such defendant or defendants as were proven guilty of the negligence charged. Plaintiff's eighth given instruction, upon the question of damages, is erroneous in that no reference whatever is made therein to the evidence, and the instruction permitted the jury to fix compensatory damages upon any basis they saw fit.

For the reasons indicated, the judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*