DETERMINED IN THE

## THIRD DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1912.

---

## Sarah Alice Houston et al., Appellees, v. Patrick Quinn et al., Appellants.

1. TRIAL—*when conduct of counsel will not reverse.* If physical infirmities are necessarily shown by the evidence a reference thereto will not reverse in the absence of prejudice resulting, especially if the intention was not to arouse sympathy.

2. INSTRUCTIONS—*when as to damages will not reverse.* An instruction upon this subject will not reverse if the court is satisfied that the jury understood the instruction as it was intended to be construed, the instruction so understood being proper.

3. DAMAGES—*what competent upon the question of pecuniary loss.* If there is actual loss of pecuniary aid the jury in estimating the amount of such loss may consider the probable length of the respective lives of the deceased and next of kin.

4. EVIDENCE—*how age may be established.* The age of a person may be approximated by the jury from considering the appearance of the person, the age of the marriage of such person and the ages of his or her children.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912. *Certiorari* denied by Supreme Court (making opinion final).

RUFUS M. POTTS, CARL M. REISCH, W. H. NELMS and ALFRED ADAMS, for appellants.

C. F. Mortimer and John G. Friedmeyer, for appellees.

Mr. Justice Puterbaugh delivered the opinion of the court.

This is an action under section 9 of the Dram-Shop Act, by the widow and minor children of Clarence Houston, deceased, against Patrick Quinn and Anna K. Midden, for the recovery of damages resulting from loss of their means of support, by reason of the death of the said Clarence Houston, which they allege was caused by the sale and gift to him of intoxicating liquors by the defendant Quinn, who conducted a dram-shop in a building owned by the defendant Midden. A trial by jury resulted in a verdict and judgment against the defendants for $2,500.

The declaration charges, and the evidence warranted the jury in finding, that on December 13, 1910, the defendant Quinn was the keeper of a dram-shop in a building owned by the defendant Midden, in the city of Springfield; that upon that day the said Quinn sold to the said Clarence Houston intoxicating liquor in such quantities as to cause him to become so intoxicated that he was unable to perceive or apprehend danger from physical causes, and that in consequence thereof he fell against a moving street car and was so injured that his death resulted. The only reasons urged and argued for reversal of the judgment are, that one of counsel for the plaintiff made improper statements to the jury; that the trial court erred in giving to the jury the third instruction offered by the plaintiffs, and that the verdict and judgment are excessive.

It appears from the evidence that both the deceased and his widow were deaf mutes, and in his opening statement to the jury, one of counsel for the plaintiffs called the attention of the jury to such fact. It is insisted that the sympathies of the jury were thereby unduly aroused, to the prejudice of the defendants. The

infirmities of the parties referred to were necessarily developed by legitimate evidence upon the trial. The connection in which the reference thereto was made convinces us that the intention of counsel was not that suggested, and that such remarks were in no way intended to and could not have unduly aroused the sympathy of the jury.

The principal complaint made of the plaintiff's third given instruction is that it permitted the jury to take into consideration in assessing damages, the loss of support sustained by the plaintiffs prior to the death of the said Houston by reason of his habit of drinking intoxicating liquor. We do not so construe said instruction. We are satisfied that the jury were not misled thereby. It merely permitted them to consider the evidence of what had occurred in the past, to aid them in determining what damages had been sustained by the plaintiffs through being deprived of future support, which were the only damages claimed by the pleadings or the instructions given or offered on behalf of plaintiffs. Evidence as to the habits of thrift, industry and ability to work, of the deceased, and whether or not he was disposed to and did furnish proper maintenance for the plaintiffs out of his earnings, was proper to be considered by the jury in determining the extent to which the plaintiffs would be damaged by reason of his death. This, we think, was the purport of the language criticised, and we are satisfied the jury so understood it.

It is further urged that the instruction is erroneous for the reason that it told the jury that in arriving at the damages sustained they had the right to take into consideration the ages of the plaintiffs. If there is actual loss of pecuniary aid, the jury in estimating the amount of such loss may consider the probable length of the respective lives of the deceased and next of kin. Swift v. Gaylord, 229 Ill. 330; Bonato v. Peabody, 156 Ill. App. 196; Goddard v. Enzler, 222 Ill. 462; Presley v. Tel. Co., 158 Ill. App. 220. It is insisted

that the instructions were in this respect erroneous because there was no proof in the record of the age of the widow. This being a civil action the jury clearly had the right to, and doubtless did, determine her approximate age from her appearance while testifying, the date of her marriage, and the ages of her children.

We do not think the damages awarded are excessive. The evidence shows that Houston was forty-eight years of age, was healthy and industrious; that he earned from four dollars to four dollars and a half a day, and was employed three or four days a week, during eight months in the year, notwithstanding he at times drank to excess, and that he spent substantially all of his earnings in the support of his family.

We find no prejudicial error in the record and the judgment will be affirmed.

*Affirmed.*