### Tillie Shapiro, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 16,421.

1. INSTRUCTIONS—*when must be accurate.* If it is doubtful as to what the evidence proves, it is necessary that the instructions of the court shall be accurate.

2. INSTRUCTIONS—*confined to allegations.* An instruction is bad if it does not limit the negligence upon which a recovery may be predicated to that charged in the declaration.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1910. Reversed and remanded. Opinion filed March 28, 1912.

EDWARD C. HIGGINS and WATSON J. FERRY, for appellant.

LEON HORNSTEIN and HARRY M. FISHER, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Tillie Shapiro, hereinafter called the plaintiff, obtained a judgment upon a verdict of a jury against

the Chicago City Railway Company, hereinafter called the defendant, which judgment we are asked to reverse. The verdict was for injuries sustained by plaintiff as a result of being struck by a car belonging to defendant.

Plaintiff was a passenger on a north-bound car running on Cottage Grove avenue, Chicago, which street at the point in question runs in a northwesterly and southeasterly direction. On this street the defendant operates cars on two lines of tracks. The east track is used for north-bound cars, and the west track for south-bound cars. The car upon which plaintiff was riding stopped slightly north of the north cross-walk of Cottage Grove avenue and Twenty-sixth street, at which point she desired to alight. Twenty-sixth street runs east and west. The evidence tends to show that after alighting from the easterly side of the rear platform she turned towards the west, going around the rear of the north-bound car, intending to cross over to the west side of Cottage Grove avenue. As she approached the easterly rail of the westerly street car track she was struck, either by the front or side of a south-bound car, and received the injuries for which this suit was brought.

It is claimed in the declaration that the motorman of the south-bound car was negligent in running the car at that time and place at a high rate of speed and without ringing any bell or gong, and in its general management and operation. There is sharp conflict in the testimony on these charges. Many more witnesses testified that the car was running very slowly and that the bell was ringing, than testified to the contrary.

The evidence also raises some question as to whether the plaintiff was in the exercise of ordinary care for her own safety. There is evidence tending to show that she did not use proper caution under the circumstances.

In this doubtful situation as to what the evidence

proved, it was necessary that the instructions of the court should have been accurate. The court at the request of plaintiff gave the following instruction:

"The court instructs the jury as a matter of law that in determining the question of negligence in this case, if any there was, you should take into consideration the situation and conduct of both the plaintiff and the servants of the defendant at the time of the injury, as disclosed by the evidence; and if you believe from a preponderance of the evidence that the injuries complained of, if any were sustained by the plaintiff, were caused by the negligence of the defendant's servants, while the plaintiff was in the exercise of due care, then the plaintiff is entitled to recover."

It is at once apparent that this instruction is bad, in that it did not limit the negligence of the defendant to that charged in the declaration. Ratner v. C. C. Ry. Co., 233 Ill. 169, 172; Hackett v. Same, 235 *id.* 116, 131; Lyons v. Ryerson & Son, 242 *id.* 409; Presley v. Kinlock-Bloomington Tel. Co., 158 Ill. App. 220, 226.

We do not wish to be understood as holding that the giving of this instruction would be reversible error in all cases, but only that in this case in consideration of the entire record and the doubtful probative effect of the evidence, it was calculated to mislead the jury, and hence reversible error.

As this case must be tried again, we do not discuss the weight of the evidence.

For the reason given the judgment is reversed and the cause remanded.

*Reversed and remanded.*