### Nellie M. Pressley, Administratrix, Appellee v. Kinloch-Bloomington Telephone Company and Bloomington & Normal Railway and Light Company, Appellants.

1. ELECTRICITY, § 27*—*when verdict against telephone company not sustained by the evidence.* In an action against an electric light company and a telephone company for the death of plaintiff's intestate, alleged to have been caused by an electric light current while acting as a city electric light trimmer, a verdict in favor of the plaintiff against the telephone company *held* manifestly against the weight of the evidence in that the evidence failed to show that the telephone wire which fell on the electric light wire and made the current belonged to the defendant telphone company.

2. APPEAL AND ERROR, § 1793*—*joint judgment.* Where a joint judgment against two defendants is erroneous as to one defendant, it will be reversed as to both.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1912. Reversed and remanded. Opinion filed October 16, 1913. Rehearing denied November 5, 1913.

LILLARD & WILLIAMS, for appellant Kinloch-Bloomington Telephone Co.

SIGMUND LIVINGSTON and WILLIAM R. BACH, for appellant Bloomington & Normal Railway and Light Co.

JACOB P. LINDLEY, JOHN E. POLLOCK and EDWARD BARRY, for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was an action on the case brought by appellee,

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

Vol. CLXXXIV 8

as administratrix of the estate of John W. Pressley, deceased, to recover for the death of her intestate, caused by an electric current received by him while acting as an electric light trimmer for the city of Bloomington. Both the appellant companies were made defendants.

This cause has been in this court on two different appeals (*Pressley v. Kinloch-Bloomington Tel. Co.*, 158 Ill. App. 220, and 164 Ill. App. 167), where the facts relative to the cause of action are fully stated, and the cause was reversed and remanded each time. No change occurred in the pleadings since the last appeal.

In the judgment of the court, on the last appeal the cause was reversed and remanded because of the fact that the evidence contained in that record failed to show the appellant Telephone Company was the owner of the wire which broke, fell and caused the injury to appellee's intestate by reason of the cross-circuit thereby caused; and as the suit was a joint one and the judgment appealed from was a joint judgment, it was held that if it was necessary to reverse the judgment as to one of the appellants it was necessary as to both.

Upon the retrial of the cause in the Circuit Court the evidence upon the former hearing, as to the ownership of the wire which it is alleged caused the injury, was read from the notes of the reporter, except that two of appellee's witnesses, and one new witness, were called and testified.

On the last hearing a verdict and judgment was entered in the sum of four thousand five hundred dollars against both appellants and in favor of the appellee, and thereupon this appeal was perfected.

This court, in the last opinion herein filed, used the following language, with reference to the wire which caused the injury to appellee's intestate: "The Mc-Lean County Telephone Company owned other pairs of wires upon this pole and number 5 was one of these

wires. There is evidence in the record that that wire extended to and was connected with a cable which entered the telephone exchange of the McLean County Telephone Company which was located a block or more from the telephone exchange of the Kinloch-Bloomington Telephone Company; this wire was upon the top cross-arm of that pole. The Kinloch-Bloomington Telephone Company owned wires upon the second cross-arm and these wires extended to and were connected with a cable which entered the telephone exchange of the defendant telephone company.

There being no proof in this record that the defendant telephone company owned, controlled, operated or was in any manner responsible for the condition of the telephone wire complained of, the verdict of the jury as to that company is clearly and manifestly against the evidence, and as to it must be reversed.''

After a careful study of all the evidence in this record, including the new evidence of the witnesses heard to testify orally, we cannot but conclude the evidence here preserved fails to show the appellant Kinloch-Bloomington Telephone Company was the owner of the wire which fell and injured appellee's intestate.

Mr. Hamilton, after testifying as to a state of facts relative to the ownership of the wire which fell, on cross-examination gave evidence as to the wires of the McLean County Telephone Company having been removed from the point where the wire in controversy fell, and said his statements were ''as reported to the director's meeting,'' and that he ''did not know personally.''

Mr. Gulliford, construction chief of the McLean County Telephone Company, who was heard to again testify, stated, as to the condition of certain wires, that the said company had no wires in this alley.

But, as against this evidence, there was the positive and direct testimony of several witnesses who identified the particular wire which fell, and gave evidence as to the location of this wire upon the cross-arm on

116    APPELLATE COURTS OF ILLINOIS.

Pressley v. Kinloch-Bloomington Tel. Co. et al., 184 Ill. App. 113.

the pole, and testified directly that the wire was that of the McLean County Telephone Company. The wire which fell was identified as being wire number 5 on the top cross-arm on the pole. The witness, Mr. Farwell, testified that wires number 3, 4, 5, 6, 7 and 8 on the top cross-arm of that pole were the wires of the McLean County Telephone Company, and that the wire which fell was wire No. 5.

Mr. Ross testified that the six wires on the top cross-arm on the pole were bridled into the cable of the McLean County Telephone Company, and that the wire which fell was wire number 5, and that it did not belong to the appellant Telephone Company.

Mr. Philbrook, a city employe in the fire alarm department, testified that he had had sixteen years' experience as an electrician and telephone man; that he helped build the first lines of the McLean County Telephone Company and that they had wires on the pole in this alley and that he examined them in the month of the accident here involved and that the wires of the McLean County Telephone Company were on the top cross-arm of the pole in question.

Many other facts and circumstances are shown by this record which fully convince us that the wire which fell and made the connection of the current on to the city light plant wire was not that of the appellant Telephone Company.

The appellants having been sued jointly, and the judgment here appealed from having been a joint judgment against both appellants, the judgment must be affirmed as to both or reversed as to both. There being no sufficient evidence showing the appellant Telephone Company was the owner of the wire which is alleged to have caused the injury, the judgment as to it is erroneous and must be reversed, and therefore must be reversed as to both appellants.

For the reason indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*