## Nellie M. Pressley, Administratrix, Appellee, v. Bloomington & Normal Railway and Light Company, Appellant.

1. ELECTRICITY, § 24*—*when failure to prove allegation immaterial.* It is immaterial that the proof in an action by the administrator of an employee of a city against a lighting company for negligence, causing the death of such employee, fails to show that the telephone wire which fell across the wires of the lighting company and that of the city on which the deceased was working was owned and controlled by a certain telephone company, as alleged in the declaration, where the averments of the declaration that the telephone wire was owned by such telephone company as a part of its system were not essential to the cause of action against the lighting company.

2. TRIAL, § 276*—*when refusal to submit special interrogatories not erroneous.* The refusal of a trial court to submit special interrogatories to the jury is not error where the questions which the court refused to submit related indirectly to ultimate facts involved in the case, but were evidentiary in their nature and did not call for direct answers as to such ultimate facts.

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915. Rehearing denied May 26, 1915.

LIVINGSTON & BACH, for appellant; SIGMUND LIVINGSTON, of counsel.

JACOB P. LINDLEY and BARRY & MORRISSEY, for appellee.

MR. JUSTICE SCHOLFIELD delivered the opinion of the court.

This is an action by appellee against appellant for negligently causing the death of appellee's intestate.

The case has been before this court by appeal on three former occasions. *Pressley v. Kinloch-Bloomington Tel. Co.,* 158 Ill. App. 220, 164 Ill. App. 167,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

THIRD DISTRICT—APRIL, 1915.       583

Pressley v. Bloomington & N. Ry. & L. Co., 193 Ill. App. 582.

184 Ill. App. 113. The facts in this case are fully stated in the opinions of the court in those cases. The evidence in this case was the same as on the former trial with these exceptions, that several of the city ordinances which controlled the wire constructions were offered in evidence this time by appellant which had not heretofore been offered. There was no change in the pleadings. On the last trial the appellee obtained a judgment for $4,500 against both defendants. This court reversed that judgment and used this language: "The appellants having been sued jointly, and the judgment here appealed from having been a joint judgment against both appellants, the judgment must be affirmed as to both or reversed as to both. There being no sufficient evidence showing the appellant telephone company was the owner of the wire which is alleged to have caused the injury, the judgment as to it is erroneous and must be reversed, and therefore must be reversed as to both appellants." Immediately prior to the trial of this case, the appellee dismissed her suit as to the codefendant, Kinloch-Bloomington Telephone Company.

It is urged by appellant that there was a fatal variance between the allegations of the declaration and the proof, in that the declaration avers that the telephone wire which fell across the wire of both the wires of appellant and the city was owned and controlled by the Kinloch-Bloomington Telephone Company, while the proof fails to show that it was owned or controlled by that company. The averments in the declaration that the telephone wire was owned and controlled by another company as a part of its system was not essential to the cause of action against appellant, and it was immaterial if the evidence disapproved that averment. *Postal Tel. Cable Co. v. Likes,* 255 Ill. 249; *Linquist v. Hodges,* 248 Ill. 491.

It is also urged by appellant that the court erred in refusing to submit its special interrogatories to the

jury. The questions which the court refused to submit related indirectly to ultimate facts involved in the case but were evidentiary in their nature and did not call for direct answers as to such ultimate facts. We do not find any error in the giving or refusing of instructions. The jury were properly instructed.

All other questions urged by appellant for a reversal of this judgment have been settled by the opinions of this court on the former appeals, and we cannot now consider them in the decision of this case. Finding no reversible error in the record, the judgment will be affirmed.

*Affirmed.*