# Nellie Campbell, Appellee, v. Centralia Gas & Electric Company, Appellant.

1. ELECTRICITY—*necessity of proof of ownership of defective wire causing injury.* In an action to recover damages for personal injuries alleged to have been caused by an electric shock resulting from defective insulation of an electric wire, there can be no recovery in the absence of proof tending to show that defendant was the owner of or in any way responsible for the wire in question.

2. PLEADING—*variance between allegations and proof warranting direction of verdict.* Under a declaration alleging that while hanging out washing, a sheet in plaintiff's hands was suddenly blown upon and against an electric wire which was defectively insulated, and she received a shock which threw her against a pump, etc., plaintiff was required to prove that she received an electric shock, and was not entitled to recover upon proof which admitted of the inference that the action of the wind caused her to fall; and it was error to refuse to direct a verdict for defendant and to submit the case under instructions based on the theory that there was evidence from which the jury could find that the necessary averments which plaintiff failed to prove were proven.

3. ELECTRICITY—*insufficiency of evidence to show cause of injury and ownership of wire causing it.* Even if the evidence in a personal injury case based upon an alleged shock caused by contact with an improperly insulated wire had been such as to give rise to the presumption that the wire was charged with electricity at the time in question, yet that would not warrant the jury to presume that plaintiff received a shock and that the wire was owned or controlled by defendant.

Appeal from the Circuit Court of Marion county; the Hon. THOMAS E. FORD, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed March 24, 1922.

FRANK F. NOLEMAN, JUNE C. SMITH and ANDREW J. DALLSTREAM, for appellant.

WILSON & WRIGHT and CHARLES F. DEW, for appellee.

MR. JUSTICE BARRY delivered the opinion of the court.

590    APPELLATE COURTS OF ILLINOIS.

Campbell v. Centralia Gas & Electric Co., 224 Ill. App. 589.

Appellee, in her declaration, averred that appellant was possessed of and maintained a certain wire, charged with a dangerous current of electricity, which was fastened to a pole in the alley and strung over and across the lot in the rear of the McClelland building, to which it was attached and into which it extended for the purpose of furnishing light therein; that the insulation on said wire was allowed to become and remain in a defective condition; that appellee lived in the said building and on May 1, 1919, while hanging out her washing in the yard, a sheet in her hands was suddenly blown upon and against the said wire then and there charged with a high voltage of electricity by reason of which she received an electric shock that threw her upon the ground against a pump and curbing and from which she suffered a miscarriage. Appellant pleaded the general issue and the trial resulted in a verdict and judgment in favor of appellee for $2,250.

At the close of the evidence on behalf of appellee, and again at the close of all the evidence, the court refused a peremptory instruction requested by appellant. We find no evidence in the record that tends to show that appellant was the owner of or in any way responsible for the wire in question. Without such proof, appellee was not entitled to recover. *Pressley v. Kinloch-Bloomington Tel. Co.,* 164 Ill. App. 167; 184 Ill. App. 113.

The evidence is all to the effect that the wind was blowing from the north or northwest at the time in question. Appellee testified that after washing her clothes in the house she took them on the washboard to the pump platform in the yard. She said that after then wiping the line she shook out a sheet "and the wind blowed that sheet over and against the electric wire and that downed me; I fell and my back struck that pump platform and I had a miscarriage that night." From her testimony we do not understand

how it can seriously be contended that she then and there received an electric shock. The fair inference to be drawn from what she said is that it was the action of the wind against the sheet which caused her fall. Under her declaration it was necessary for her to prove that she received an electric shock. This she failed to do.

Appellee proved that there were no electric lights or meters in the McClelland building, or in the restaurant building. Presumably the wire in question had been used at some time in the past to supply those buildings with lights. The testimony of Beulah Roberts to the effect that she received a slight shock from this wire in March, 1918, was stricken by the court. In the cross-examination of a witness for appellee, it came out that a good while after the accident to appellee one of her attorneys tested the wire in question and on that occasion sparks came from the wire and made a sputtering noise. There was no other evidence which in any way tended to show that the wire was charged with electricity when the accident occurred. There is no evidence that the wire was attached to or in contact with a live wire at the time of the accident. Ordinarily, it is not proper to show the condition subsequent to an accident, but in this case it was appellant who brought out the facts of the subsequent test of the wire.

Even if the evidence were such as to give rise to a presumption that the wire was charged with electricity at the time in question, yet that would not warrant the jury in presuming that appellee received a shock and that the wire was owned or controlled by appellant. *Globe Accident Ins. Co. v. Gerisch,* 163 Ill. 625.

Appellee failed to prove material averments of her declaration and in that state of the record the court erred in refusing to direct a verdict for appellant and in submitting the case to the jury under instructions based on the theory that there was evidence from

which the jury could find that such averments were proven.

Some of the questions propounded to the medical witness by counsel for appellee were improper and the objections should have been sustained. *Kimbrough v. Chicago City Ry. Co.*, 272 Ill. 71. Charges and countercharges are made with reference to the remarks of counsel during the trial of the case, but in view of the fact that the judgment must be reversed and the cause remanded for a new trial it is not necessary to pass on them.

We might say, however, that the record discloses much bickering on the part of counsel on both sides, which should be avoided in the future. Counsel should also bear in mind that improper remarks, even though excluded by the court, will sometimes require a reversal. For the errors above indicated the judgment is reversed and the cause remanded.

*Reversed and remanded.*