**Edna Darmody, Appellee, v. Kroger Grocery and Baking Company, Appellant, and F. G. Olbrich, Defendant.**

Heard in this court at the October term, 1934. Opinion filed March 4, 1935. Rehearing denied May 29, 1935.

W. J. MacDonald, of East St. Louis, for appellant.

R. B. Hendricks and Beasley & Zulley, all of East St. Louis, for appellee.

Mr. Justice Murphy delivered the opinion of the court.

Appellee, herein referred to as plaintiff, seeks to recover damages for personal injuries alleged to have been sustained when she stepped into a broken tile drain which extended across a cinder walk near the intersection of North Forty-sixth street and Caseyville avenue in Canteen township in St. Clair county. The suit was instituted against appellant and F. G. Olbrich. Appellant is herein referred to as defendant.

At the time of the accident, Olbrich was the owner of a building located on the southeast corner of the intersection of said streets. Appellant was occupying it as a tenant under a written lease and operating a store therein. Parallel with the building was a cement sidewalk four or five feet in width. At the south end of the building where the cement walk terminated, there was a cinder walk which extended farther south. The tile drain in question extended through the cinder portion of the walk near the south end of the cement walk. It had been placed there by Olbrich two or three years before the accident and was connected with a downspout at the south end of the building. It was used for carrying roof waters from the downspout away from the building and across the walk.

Suit was started and a declaration filed prior to January 1, 1934, but, subsequent to that date, plaintiff filed a complaint under the Civil Practice Act. The accident is alleged to have occurred on the 23rd day of May, 1933. The negligence charged in the various paragraphs of the complaint is as follows: in the second, that the defendants kept, maintained and permitted to remain, a certain tile drain about seven inches in diameter across the sidewalk, thereby creating an obstruction in violation of paragraph 564, chapter 38 and paragraph 158, chapter 121, Cahill's Illinois Statutes; in the third paragraph, that the defendants kept, maintained and permitted to remain a certain tile drainpipe across the sidewalk in such a manner as to render it dangerous for pedestrians; by the fourth, it was alleged that defendants kept, maintained and permitted the drainpipe to remain across the sidewalk and that the defendant, Kroger Grocery Company, in driving its trucks across the sidewalk, caused the tile drain to break from the top, creating a hole six or seven inches deep, which condition the defendants afterwards carelessly, negligently, and improperly permitted to remain for a long space of time; that Olbrich had due knowl-

edge thereof or with the exercise of care should have known it; that the allegation of the fifth paragraph is that the defendant permitted rain water from the roof to be discharged in the center portion of the cinder walk, thereby creating a hole or depression; and the sixth, that the defendant wantonly kept, maintained and permitted a dangerous condition to exist in the sidewalk.

Defendant filed an answer denying each charge of negligence and as a further defense alleged that it did not have control over the sidewalk or the tile drain, that there was no duty upon it to keep the sidewalk or drain in repair, that it was in possession of the premises in question by virtue of a written lease with Olbrich and that by the terms of the lease Olbrich had covenanted to repair the roof, supply pipes for gas and water (leading to the building) and the drainage pipes leading therefrom.

Olbrich filed a separate answer denying all negligence with which he was charged in the complaint and later filed a counterclaim against the defendant company seeking to recover for the damage done to the sidewalk by the defendant's trucks driving thereon. Upon plaintiff's claim, the jury returned a verdict for the plaintiff and against the defendant herein for $10,000 and a verdict of not guilty as to Olbrich. On Olbrich's counterclaim against the defendant they found for the defendant. The court set aside the verdict on plaintiff's claim against Olbrich and after requiring a remittitur of $4,000, overruled defendant's motion for a new trial and in arrest of judgment and entered a judgment against defendant for $6,000. No appeal was taken as to any of the orders entered except as to defendant's appeal on the judgment entered against it.

Defendant's grounds for reversal are that the court erred in overruling its motion in arrest of judgment for the reason that the complaint did not state a cause

of action; that the court erred in overruling its motion for a directed verdict and in rulings on evidence.

Upon the question of the sufficiency of the complaint, appellee in her brief states that this is a suit for damages against the defendant who caused the obstruction or dangerous condition in the public sidewalk or highway, and the question of whether or not the defendant is the owner of some property in the vicinity or whether it is landlord or tenant is wholly immaterial. Construing the pleading in the light of plaintiff's theory, we are of the opinion that the complaint states a cause of action against the defendant in that it charges that the defendant kept and maintained the drainpipe in a dangerous condition; in other paragraphs, it is alleged that defendant negligently broke a drainpipe in a public sidewalk by driving its trucks over it and permitting it to remain in a broken condition. The pleading is silent as to whether the drainpipe in the sidewalk was within or outside the corporate limits of a city or village but it is referred to in the pleadings as a public sidewalk, dangerous for the public to travel over and that it was obstructed in violation of 'certain sections of the statute which refer only to sidewalks outside the corporate limits of cities and villages. Under these allegations, the plaintiff alleged sufficient facts to state a cause of action.

The error assigned on the court's ruling on the motion for a directed verdict requires a consideration of all the evidence to determine whether there is any evidence, when taken in its most favorable light, which tends to prove the charges of negligence in the complaint.

The undisputed evidence is that Olbrich placed the tile drain through the walk. It also appears that the defendant had leased the building for store purposes but there is no evidence which tends to prove that defendant had anything to do with the roof, downspout or the repair of the tile drain. Under this state of the

record there is no evidence tending to prove the charge of negligence that the defendant kept and maintained the tile drain in a dangerous condition.

The other charge of negligence is that defendant drove its trucks over the tile drain causing it to break and then permitted it to remain in a broken condition for 20 days.

The evidence shows that there was no entrance to the building from the rear, but on the side where the cement walk was located there was a side entrance which was eight to ten feet from the corner of the building where the tile drain was located.

Plaintiff introduced the evidence of several witnesses to the effect that they had seen defendant's trucks drive up to the side entrance, had seen them with their wheels on the walk, that the walk was crushed and cracked under the weight of the trucks. None of the witnesses fixed the approximate time when they observed the defendant's trucks in the vicinity of the building or backed up to the side entrance further than it was some time during the three weeks immediately preceding the date of the accident. The width of the cement walk was shown to be about four feet and the cinder walk is assumed to have been the same width, thus making the tile drain through the walk about that length. The evidence does not disclose in what part of that drain the break occurred. If it were at the outer edge of the walk, it would be more reasonable to suppose that it was broken by a truck passing over it than if it were near the inner side of the walk and close to the corner of the building. The gist of the evidence on this point is that the witnesses saw the trucks with defendant's name on the side unloading at the side entrance. The witnesses fixed the location of those trucks at various positions, some of them stating that the trucks were backed up to the side entrance door and the merchandise was being removed from the

rear; others, that the trucks were standing parallel with the building and unloading from the side of the trucks. There is nothing in the evidence which tends to prove the location of the wheels of the trucks while standing in such position. The only evidence as to the size of the truck is that one witness said it was as big as a box car. No witness testified that they knew how the drain was broken or by whom. No witness testified that he ever at any time saw the wheels of the defendant's truck on the cinder walk at the point where the drain was located. The evidence shows that the building did not cover all of Olbrich's lot and that there was vacant space to the rear of the building; that at times it was used as a means of ingress to buildings adjacent to this; that the clerk and manager parked their automobiles in this space; that automobiles and trucks in driving to the rear of the lot crossed the cinder walk. Whether it was over the place where the tile drain was located or some other location does not definitely appear from the evidence. There is uncontradicted evidence that trucks other than defendant's drove up to the side entrance for the purpose of delivering ice and other articles to defendant's store. The evidence discloses that the cement walk near the side entrance was cracked and crushed. Defendant's store manager testified that the defendant's trucks did it, but there is no evidence that they did any damage to the cinder walk at or near where the tile drain was located.

There is no evidence from which it could reasonably be inferred that defendant's trucks caused the damage to the broken tile. It is just as reasonable to infer that it was broken by some cause other than a truck driving over it and if broken by a truck, that it was a truck or automobile belonging to someone other than defendant. In order to sustain plaintiff's contention on this point, it would be necessary first, to presume that the tile drain was broken by a truck and second, that it was

defendant's truck that did it. The law is that a presumption cannot be based upon a presumption for there is no open and visible connection between the facts out of which the first presumption arises and the fact sought to be established by the dependent presumption. *Globe Accident Ins. Co. v. Gerisch,* 163 Ill. 625. In this case the court quoted with approval from *United States v. Ross,* 92 U. S. (2 Otto) 281, as follows: "Such a mode of arriving at a conclusion of fact is generally, if not universally, inadmissible. No inference of fact or of law is reliable drawn from premises which are uncertain. Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed." *Campbell v. Centralia Gas & Electric Co.,* 224 Ill. App. 589; *Condon v. Schoenfeld,* 214 Ill. 226. The court erred in overruling defendant's motion for a directed verdict.

The defendant offered in evidence the written lease he had with Olbrich for the building. In the lease, Olbrich covenanted to repair drainpipes leading from the building. Objection was sustained to the introduction of the lease. On the charge in the complaint that the defendant kept and maintained the tile drain, the introduction of the lease in evidence was proper.

For the reason assigned the judgment is reversed and the cause remanded.

*Reversed and remanded.*

On plaintiff's petition for rehearing and defendant's cross petition for rehearing it is ordered that the prayer of the cross petition be denied and that the judgment of reversal and remandment heretofore entered be changed and ordered that the judgment of the trial court is reversed.

*Judgment reversed.*