JAMES K. HULETT, Plaintiff-Appellee, *v.* CENTRAL ILLINOIS LIGHT COMPANY, Defendant-Appellant.—(CALVARY BAPTIST CHURCH OF TREMONT *et al.*, Defendants.)

Third District   No. 79-547

Opinion filed April 18, 1980.

David M. Couri, of O'Hern, Wombacher & Moon, of Peoria, for appellant.

Robert G. Day, Jr., of Moehle, Reardon, Smith & Day, Ltd., of Peoria, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This court granted an application to appeal filed by Central Illinois Light Company (CILCO) pursuant to Supreme Court Rule 308(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 308(a)). CILCO appeals from orders of the circuit court of Peoria County denying its motion for summary judgment and a motion for reconsideration of its motion for summary judgment. The trial court's order certified for determination the following question:

> "* * * Whether under the facts alleged in the Complaint and in Defendant's Motion for Summary Judgment and accompanying Affidavit, Illinois Commerce Commission General Order #160— Revised places a duty upon CILCO to maintain, inspect or repair electric lines leading to the building."

The scenario of events which resulted in this question commenced when the plaintiff, James K. Hulett, filed a complaint against CILCO in which it was alleged that while spraying his house on August 5, 1977, he was standing on a ladder and received a severe electrical shock from electric transmission lines leading into his house which caused him to fall from the ladder and sustain personal injuries. The complaint further alleged that CILCO negligently and carelessly permitted the wires to deteriorate and to be inadequately insulated and he sought damages from CILCO.

It is not disputed by the parties that the electric wires in question spanned or ran from a meter pole to the house being worked upon by the plaintiff.

The motion for summary judgment filed by CILCO alleged that the

defendant (CILCO) had no duty for the care and upkeep of the wires or the insulation thereon since it was not the owner of or in any way responsible for the wires. An affidavit in support of the motion was executed by Virgil B. Volk, who was the Loss Control and Claims Administrator of CILCO. The affiant stated that records of CILCO kept in the regular course of business indicated that CILCO neither owned nor controlled, nor at any time in the past had exercised any ownership or control of, the electric wire service spanning between the meter pole and the house upon which the plaintiff was working when injured.

The plaintiff responded to the motion for summary judgment to the effect that as to who owned or controlled the wires is immaterial, since CILCO was required to maintain and inspect all electric supply lines carrying its electricity and had failed to do so. In support of this contention the plaintiff relies upon Illinois Commerce Commission General Order 160—Revised, and effective as of June 1, 1963, which provides as follows:

"9. *General Maintenance Requirements.*

Each public utility operating a system of power or communication lines shall maintain *its* system of lines in such condition as will enable it to furnish safe, adequate and dependable service.

Power and communication lines and their associated equipment shall comply with the provisions of this General Order when placed in service, and shall thereafter be systematically inspected, and when necessary, be subjected to tests to determine their fitness for the service required of them, and for conditions of safety. Any defects revealed by such inspections and tests which could cause or create an unsafe condition, shall be promptly corrected. If such corrections are not immediately undertaken, a record of the condition found shall be made in the proper plant office of the utility. Defective lines or their associated equipment shall be placed in good operating condition, or otherwise effectively disconnected or removed." (Emphasis added.)

■■ The purport of the trial judge's order is to this court clear in that a question of law is presented, namely, whether or not the Commerce Commission General Order 160 places a duty upon CILCO to maintain, repair and inspect the electrical lines in question, even though they are not and never have been owned or controlled by the power company. We note, however, that the plaintiff attempts to challenge the sufficiency of the Volk affidavit which denies ownership or control of the lines by CILCO. It is the plaintiff's argument that the affidavit referred to records as to premises located at 821 Tremont Township, Tremont, Illinois, and that the described premises have not been established as the place where the plaintiff was injured. We find no merit in this contention since it is

patently clear from the record that there was no concern on the part of the trial court or the parties to this action concerning the Volk affidavit or where the plaintiff was injured. It should be noted that the plaintiff did not file a counteraffidavit and consequently admitted that CILCO did not own or control the electrical line. (See *Carruthers v. B. C. Christopher & Co.* (1974), 57 Ill. 2d 376, 313 N.E.2d 457.) To raise on appeal the question of ownership appears to be an effort on the part of the plaintiff to obfuscate the true issue, to-wit, the meaning and effect of General Order 160.

■■ We have set forth the pertinent provisions of the order and attention should be directed to the word *its* located in the first paragraph and which we have emphasized. The word *its* as used is a pronoun and is being used in its possessive form. By the use of the word it is clear that each public utility system shall maintain the power lines which it owns.

It is further noted that on April 17, 1963, the Illinois Commerce Commission entered an order pertaining to General Order 160. A portion of that order which is pertinent to this appeal provided as follows:

> "It is Therefore Ordered that the revised rules and regulations, copy of which is attached hereto, be and they are adopted as General Order 160—Revised—Rules for construction of electric power and communication lines and declared to be the rules and regulations of this Commission relating to the construction and maintenance of electric power and communication lines in the State of Illinois, effective June 1, 1963, and that *all public utilities in the State of Illinois shall, to the extent that said General Order 160—Revised applies to their facilities, properties or service, conform thereto*." (Emphasis added.)

No analysis of the meaning and intent of the Commission's order revising and adopting General Order 160 is necessary, since it is self-evident that it does not concern or apply to property which is not owned or controlled by a public utility. There are no judicial decisions holding to the contrary and undoubtedly so, because a logical reading of the order will not support such a decision.

■■ It has been well established that a utility company is not responsible for the condition and maintenance of fixtures which it did not install, own, or control and hence is not liable for injuries caused by their defective condition or operation. (*Clare v. Bond County Gas Co.* (1934), 356 Ill. 241, 190 N.E. 278.) This case pertains to a gas leak; however, the same result was reached as an injury received from electrical current. (See *Campbell v. Centralia Gas & Electric Co.* (1922), 224 Ill. App. 589.) Not only is a utility company absolved from the duty of inspecting and maintaining fixtures and equipment not owned or controlled by it, but if

the same are the property of the owner of the premises, then the owner-consumer assumes the burden of maintaining and inspecting such fixtures and equipment on his property in a manner reasonably suited to meet the service to which they are to be put, and the company has the right to assume that these duties have been performed by such owners. (See *Kelley v. Public Service Co.* (1939), 300 Ill. App. 354.) We note that in the case of *Kelley* the words "owner" and "consumer" are used inter-changeably. We are not confronted with the case's applicability to other foreseeable situations, *i.e.*, leaseholds, contract for deeds, etc. We cite it only for its clear applicability to the case now being considered.

■ Based upon General Order 160—Revised and applicable judicial precedent, CILCO's motion for declaratory judgment should have been granted.

■ It is noted that the plaintiff, in addition to urging the applicability of General Order 160—Revised, also contends that CILCO has a common law duty to maintain in a proper condition the electrical wiring which it is using. The common law duty question has not been presented to this court in the interlocutory appeal, and consequently we will not consider the same.

For the reasons set forth, the judgment of the circuit court of Peoria County is reversed, and this case is remanded with directions to grant the motion for summary judgment filed by the defendant CILCO.

Reversed and remanded with directions.

STENGEL and STOUDER, JJ., concur.