### John Bycyznski, Administrator, etc., v. Illinois Steel Company.

#### Gen. No. 4,385.

This case is controlled by the decision in Illinois Steel Company v. Bycyznski, 106 Ill. App. 331.

Action on the case for death caused by alleged wrongful act. Appeal from the Circuit Court of Will County; the Hon. ROBERT W. HILSCHER, Judge, presiding. Heard in this court at the April term, 1904. Affirmed. Opinion filed August 24, 1904.

S. J. DREW and J. W. DOWNEY, for appellant.

W. D. HAYNIE and J. H. GARNSEY, for appellee.

MR. PRESIDING JUSTICE FARMER delivered the opinion of the court.

This case was before this court at a former term. A

judgment in favor of plaintiff below was then reversed and the cause remanded. The opinion will be found in 106 Ill. App. 331. Upon the second trial, at the conclusion of plaintiff's evidence, the jury, under the direction of the court, returned a verdict for defendant upon which the court rendered judgment and plaintiff appeals.

The evidence upon all the material facts was substantially the same at the second trial as at the first, and as it will be found set out in the opinion of the court in the volume above referred to, will not be repeated here. We there held the proof did not show that the explosion of the ladle was the result of any negligence of the defendant or its servants, and that the verdict was not sustained by the evidence. While the evidence is that the ladle exploded, causing the death of Bonkoski, there is no proof that the explosion resulted from any of the negligence charged in the declaration or in fact any negligence of defendant whatever. True, a witness testifying as an expert and with no personal knowledge of the conditions, said in his opinion the explosion was caused by molten metal that had been held underneath the pail or pail and one half of slag which Stadler testified was in the bottom of the ladle, breaking through the slag and running into the water, but as there was no proof that the conditions existed that would have had to exist for the explosion to have occurred in that manner, we think little or no importance can be attached to the opinion of this witness. When the case was formerly before us we said: "We are virtually asked to infer or presume that there was molten metal under the slag as it rested against the front side of the kettle from the bottom; that the slag had formed a crust which held the metal underneath it in that position and protected it from the water while the ladle was being filled; that when the ladle was tipped to let the water run out the weight of the molten iron broke through the crust of the slag and the molten matter dropped into the water, and that this caused the explosion. A presumption cannot be thus based upon another presumption and made a ground of

recovery. Globe Accident Insurance Co. v. Gerisch, 163 Ill. 625." What we then said is just as applicable to the case as now presented. The case was remanded when here before, because this court thought the trial court had erred in refusing to permit certain testimony for plaintiff which was thought to be important. At the second trial plaintiff had the benefit of all the testimony offered that he was entitled to. True, complaint is made that the court sustained objections to certain hypothetical questions asked the witness who was placed on the stand as an expert, but if any error was committed in this respect it was afterwards cured, for the witness was permitted to give his testimony that was called for by the questions to which the court had previously sustained objections.

Believing the court was justified in directing the verdict and rendering judgment for defendant, the judgment is affirmed.

*Affirmed.*