JOHN CONDON

*v.*

CHARLES SCHOENFELD.

*Opinion filed February 21, 1905.*

1. EVIDENCE—*one presumption cannot be the basis of another.* Proof that a certain person had in his possession the money with which the plaintiff and other laborers were paid, raises the presumption that he owned the money in his possession, but is not ground for the further presumption that he was the employer of the laborers, there being no direct evidence that he owed the money.

2. SAME—*when existence of fact cannot be reasonably inferred.* The existence of a certain fact cannot be reasonably inferred from the evidence, if the existence of another fact entirely inconsistent with the first may be inferred as certainly from the same evidence.

3. SAME—*when rights under motion to direct verdict must be determined as of time motion was made.* The rights of one joint defendant, under his motion to direct a verdict without offering any evidence, must be determined as they existed when the motion was made, notwithstanding the other joint defendant subsequently introduces evidence in his own behalf.

4. SAME—*when weak evidence does not become strong by reason of its non-contradiction.* The rule that weak evidence becomes strong against a defendant who has the power of contradicting it but does not do so, has no application to a defendant who offers no evidence whatever, deeming the evidence of the plaintiff insufficient to make a case.

5. AMENDMENTS—*leave to amend cannot be treated as amendment.* Leave to amend the pleadings to correspond with the proof cannot be treated as an amendment where the amendment is not, in fact, made.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This was an action on the case, brought in the superior court of Cook county by Charles Schoenfeld, the appellee, against John Condon and Lewis S. Long, to recover damages for a personal injury received by the appellee on July

20, 1899, while working at the Harlem race track in the county of Cook.

The declaration in the cause consisted of three counts. Each count alleged, in substance, that the plaintiff was employed by the defendants to work as a carpenter at the race track, which, it is averred, was owned and controlled by Condon, and that plaintiff was working on a scaffold which fell as a result of the defendant's negligence and injured the plaintiff while he was in the exercise of due care for his personal safety.

Each of the defendants filed for himself a plea of the·general issue, and the cause proceeded to a trial by jury. At the close of the plaintiff's evidence, Condon moved the court to take the case from the jury, and offered an instruction directing the jury to find him not guilty. The court overruled the motion and refused the instruction; whereupon the attorney for Condon announced to the court that he did not desire to offer any evidence on behalf of his client and rested his case. The defendant Long then introduced evidence showing that he was employed to work for Condon by the week, and had no further interest in the premises than as an employee of Condon, and that the plaintiff was "working under him." After this evidence had been given, plaintiff dismissed his suit as to Long. Condon renewed his motion to take the case from the jury, and again offered a peremptory instruction to find him not guilty. The court denied the motion and refused the instruction. The jury returned a verdict against Condon for $2000, and after overruling a motion for a new trial and a motion in arrest of judgment, the court rendered judgment on the verdict. Condon appealed to the Appellate Court for the First District where the judgment of the superior court was affirmed, and he now prosecutes a further appeal to this court.

Among other grounds urged for a reversal of the cause are these: (1) That the peremptory instruction offered at the close of plaintiff's evidence should have been given be-

cause that evidence does not show that Condon was the employer of appellee; (2) that although the court ordered that all papers and proceedings in the cause be amended to show a discontinuance as to Long, still no such amendment was in fact made by the plaintiff, and consequently there is a variance between the *narr.* and the proof.

EDWARD H. MORRIS, (MORAN, MAYER & MEYER, of counsel,) for appellant.

WILLIAM T. UNDERWOOD, and EPHRAIM C. WESTWOOD, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The defendants, Condon and Long, interposed separate defenses. At the conclusion of the evidence for the plaintiff, Condon moved the court to direct a verdict in his favor. This motion was denied. Its denial is assigned as error, and in support of that assignment it is urged that the evidence does not tend to establish the existence of the relation of master and servant between appellant and appellee. Each count of the declaration charges that appellee, at the time of the accident was in the employ of Condon and Long, who were sued jointly. Appellee offered no evidence except his own testimony and that of one co-employee. He received the injury of which he complains on July 20, 1899, while employed as a carpenter with a number of other men in constructing a grand-stand at the Harlem race track. He had been working there in that employment about five weeks. In his direct examination he stated that he was working for the defendants on the day of the accident, but upon his cross-examination it appears that he had been employed by the defendant Long, who was known among the workmen as the superintendent, and that he never had any conversation with Condon at any time, and did not, in fact, know whether he was in the employ of the latter; that Condon appeared where the men were at work about four times each week;

that when he was there he would walk about with Long and a foreman by the name of Peters and inspect the work that had been done; that Condon brought the money with which to pay the workmen on pay-day; that he delivered this money to the time-keeper who paid it to the men, and that when some question would arise with the time-keeper in regard to the time of the men, Condon would ask Long about the matter.

Denneman, the co-employee, stated that he had seen Condon at the race track three or four times a week during the time he was working there, and that on one occasion he saw Condon and Long and a man by the name of Billy Myers talking together; that at that time the carpenters were about to erect a judges' stand and intended to build it square, but that after this conversation orders were given that it should be made octagonal. Denneman was asked whether on this occasion he heard Condon say anything, and in response answered: "He done his talking to Mr. Long."

It does not appear that either of these witnesses ever heard Condon say anything during the time they were employed at this work except to address the inquiries to Long in reference to the time of the men. We do not think the evidence on this subject, all of which we have, in substance, above set out, tends to prove that Condon was the employer of Schoenfeld. It does tend to prove that Condon was interested in the matter in some way, and the fact that he was in possession of the money with which the men were paid raises the presumption that he was the owner of that money. If the fact that he was the owner of that money was shown by direct evidence, it might perhaps be presumed therefrom that he was the employer of the appellee because his, Condon's, money was used in paying him; but the fact of the ownership of the money is only shown by inference or presumption, and a presumption of fact which a jury is warranted in drawing can arise only from facts actually proven by direct evidence. One presumption cannot be the basis for

a second presumption; that is, a presumption of fact is not alone a legitimate foundation for a second presumption of fact. *Globe Accident Ins. Co.* v. *Gerisch,* 163 Ill. 625; *Morris* v. *Indianapolis and St. Louis Railroad Co.* 10 Ill. App. 389.

The facts proven accord as well with the theory that Condon was an agent of the master or with the theory that he was the owner of the property and the work was being done by an independent contractor who was the master, as they do with the theory that he was himself the master. It cannot be said that the existence of a certain fact may reasonably be inferred from the evidence when the existence of another fact inconsistent with the first can be, from the same evidence, inferred with equal certainty. The evidence must point to the existence of some particular fact rather than to the existence of another fact inconsistent with the first before it can be said that such evidence alone tends to prove the existence of the first.

Condon introduced no evidence whatever. After his motion for a peremptory instruction was overruled he rested his case and Long in his own behalf then testified that he was working for Condon at the time of the accident and that plaintiff worked under him, Long, but plaintiff is not entitled to the benefit of this evidence, for the reason that as Condon offered no evidence his rights under his motion must be determined as they existed at the time the motion was made.

The appellee urges, upon the authority of *Pittsburg, Ft. Wayne and Chicago Railway Co.* v. *Callaghan,* 50 Ill. App. 676, and *Same* v. *Same,* 157 Ill. 406, and other cases of like tenor, that weak evidence becomes strong against a party who has the means of contradicting the same but fails to do so, and urges that as Condon failed to appear in person and testify, and failed to produce a witness to testify, that he was not the master, the evidence offered by appellee is thereby strengthened. We think there is no room for the application of this doctrine in this case for this reason: If the testimony offered tends to establish the averment in ques-

tion, it needs no strengthening, as the defendant offered no evidence whatever. If, on the other hand, it does not tend to establish that averment, the defendant was under no obligation whatever to offer any proof of any character. It was then his privilege to stand upon his plea, relying upon the fact that the cause of action was not established by the evidence offered on the part of the plaintiff. If the plaintiff had offered evidence which tended to establish the relation of master and servant between himself and Condon and the latter had offered contradictory proof but had himself failed to testify, the cases on this subject to which our attention has been called would be in point.

In our judgment, the declaration states a good cause of action against Condon and Long jointly. After the close of the evidence offered on behalf of Long, the court below required appellee to elect whether he would proceed further against Long or against Condon, and thereupon the plaintiff dismissed as to Long, and, on his motion, the court entered an order permitting him to amend "all papers and proceeding," so as to state and show a cause of action against Condon only. The motion was not in writing and the amendment was not actually made.

We think the better practice required that an amendment should be made so that the declaration would correspond with the proof against Condon alone, as plaintiff conceived that proof to exist. As the amendment was not in fact made, we cannot treat it as having been made, notwithstanding the leave granted. *Wisconsin Central Railroad Co.* v. *Wieczorek,* 151 Ill. 579.

It is unnecessary to dispose of the other errors assigned.

The judgment of the superior court and the judgment of the Appellate Court will be reversed and the cause will be remanded to the superior court for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*