### City of Chicago v. Nellie Carlin, Administratrix.
### Gen. No. 13,672.

1. PERSONAL INJURIES—*what evidence essential to establish that death resulted from fall.* A claim for damages because of the death of the plaintiff's intestate from an alleged fall upon an alleged defective sidewalk, cannot be sustained, in the absence of direct proof of a fall which might have caused such death and in the absence of some circumstantial evidence tending to establish such a fall; a presumption supported by a presumption is not sufficient.

2. ORDINARY CARE—*proof of exercise of, essential to recover for death caused by alleged wrongful act.* There must be some evidence, direct or circumstantial, of the exercise of ordinary care by the intestate in order to sustain a recovery for death caused by alleged wrongful act.

Action in case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1907. Reversed with finding of facts. Opinion filed May 1, 1908.

JOHN R. CAVERLY, for appellant; WILLIAM J. STAPLETON, of counsel.

THEODORE G. CASE, for appellee; BENJAMIN D. MA-
GRUDER, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the
court.

This is an appeal from a judgment in favor of ap-
pellee against the city of Chicago for damages result-
ing from the death of Patrick Grannan, appellee's in-
testate, alleged to have been caused by negligence of
appellant.

It appears from the evidence that the deceased left
his house a little after two P. M. on the tenth of Decem-
ber, 1903. His widow testifies that he was a careful,
prudent and healthy man. His body was found about
half after six o'clock the next morning beside a side-
walk on the southeast corner of Twenty-ninth and Hal-
sted streets, about three or four feet from the side-
walk. The body was lying face downward on the
ground and was frozen stiff. His nose was flattened
somewhat, apparently from the pressure against the
ground. There were no marks of injury otherwise.
Testimony of a physician who was called to examine
the body at the coroner's inquest and who made a *post-
mortem* examination tends to show that "the heart
was large and fatty, the stomach showed gastritis, al-
most dyspeptic, and the other organs were somewhat
fatty throughout the body"; that he "found no evi-
dence of bruises or injury on the body"; that in his
opinion the deceased "came to his death from fatty
degeneration of the heart"; that if the deceased had
fallen and the fall had caused his death, there would
have been "marked evidences" of the fall upon the
body.

The declaration charges that the city maintained a
defective sidewalk at the place where the body of the
deceased was found; that said walk was elevated above
the ground about six feet without "reasonably ade-
quate safeguards, barriers, fences or other reasonable
means of protection to hinder or prevent the public

and the deceased from falling or being precipitated from off the edge of the said sidewalk, which was * * * situated at a high distance above the ground," and that for want of such protection the deceased fell and was precipitated from the sidewalk to the ground and thereby killed.

It is urged in behalf of appellant that there is no evidence that appellee's intestate came to his death as alleged in the declaration. There is no direct evidence that the deceased fell from the sidewalk. There is no evidence that he was on that walk during the afternoon or evening before his body was found; that his death was caused by falling from the sidewalk, and that if so, the fall was due to the absence of a railing or other protection is mere conjecture. There is evidence tending to show that he had been troubled with heart disease. The conjecture that he fell from the walk in consequence of the absence of a railing is unsupported by evidence of bruises or injuries. The only evidence urged in behalf of appellee as supporting the theory of a fall is the flattened condition of the nose where it rested on the frozen earth. If, however, a man in sound health, as appellee's witnesses testify the deceased was at the time, had fallen while fully conscious from a high sidewalk, it is scarcely to be believed that he would not have thrown out his arms and protected his face from direct contact with the ground. On the other hand, if the man fell in consequence of heart disease and was unconscious when he struck the ground, it can readily be understood how he should be found as was the deceased. If, however, such fall had been from a sidewalk six feet high or thereabouts, and the man struck upon his face on the frozen ground, it would appear from the medical testimony that other features besides the nose would show marks of the fall. "Such a conclusion is both reasonable and natural." Globe Accident Ins. Co. v. Gerisch, 163 Ill. 625. Yet plaintiff's witnesses found no such bruises. One of them testifies that the "only

mark visible on the body of the deceased was that the nose was flat.    It seemed to be a natural flatness from lying on the ground.''    The claim that the decedent fell from the sidewalk is itself a mere assumption unsupported by any direct evidence.    If to this is added the further presumption that the fall caused his death, which is contradicted by medical testimony, we have a case resting upon a presumption ''based upon a presumption,'' which the law does not tolerate.    Globe Accident Ins. Co. v. Gerisch, *supra*.    If the presumption was based upon direct evidence tending to show that no other cause of death could have operated except a fall from that sidewalk, a different case would be presented.    It is not so based.    As said in Morris v. I. & St. L. Ry. Co., 10 Ill. App. 389-395, ''The very foundation of indirect or circumstantial evidence is the establishment of one or more facts from which the inference is sought to be made, and the law requires that these facts from which the presumption is to arise should be established by direct evidence, as if they were the very facts in issue.''    See also Bycyznski v. Ill. Steel Co., 115 Ill. App. 326-327; Condon v. Schoenfield, 214 Ill. 226-229.

The case at bar differs materially on the facts from cases cited by appellee's counsel, such as C., B. & Q. R. R. Co. v. Gunderson, 174 Ill. 497.    In the case before us there is no evidence as to whether the deceased was sober or otherwise at the time he met his death, nor, as we have said, that death was the result of the alleged negligence of appellant.    We cannot concur in appellee's statement that there is evidence ''tending to show that the deceased at the time of the accident was in the exercise of due care for his own safety.''    We find no evidence in the record upon that question. Hays v. Gallagher, 72 Pa. St. Rep. 136, cited by appellee, is not, we think, in point.    In that case there was the statement of the injured man that he fell from the bridge, and it seems to have been conceded that he did

so fall.   Here there is no evidence of such fall, nor any such concession.

For reasons indicated, the judgment of the Superior Court must be reversed, with a finding of facts.

*Reversed, with finding of facts.*