## In the Matter of the Estate of George Oglesby, Deceased.

### Adams Express Company, Appellee, v. Josephine G. Oglesby, Administratrix, and Robert Stevenson & Company, Appellants.

### Gen. No. 24,522.

1. EXECUTORS AND ADMINISTRATORS, § 326*—*when statute does not require funds to be kept separate and distinct.* Rev. St. ch. 3, sec. 70 (J. & A. ¶ 119), providing that where a decedent has received money in trust, the amount received and not accounted for shall be paid out of the estate as a claim of the sixth class, does not require that the funds be kept separate and distinct before a claim therefor can be allowed as of such class.

2. EXECUTORS AND ADMINISTRATORS, § 322*—*when trust fund to be delivered without allowance as of any class.* A trust fund kept separate and distinct by a decedent is not a part of his estate at all but

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

is the property of the claimant and should be delivered to him upon order of the court and not allowed as of any class.

3. CONTRACTS, § 330*—*what does not constitute waiver of agreement relative to moneys received from sales of money orders.* Waiver of the provision of a written agreement between an express company and the decedent in question relating to the sale of money orders, that moneys so received should not be mingled with such decedent's funds, was not shown by the acceptance of such decedent's personal checks, nor because at one time, in the presence of the company's collector, money was received by the decedent from the sale of an order and handed by him to his son who rang the amount up in the cash register.

4. CORPORATIONS, § 387*—*when notice to collector of express company not notice to company.* Notice to the collector of an express company that money received in his presence by a druggist who was authorized to sell money orders for the company, but had no authority to mingle money so received with his own funds, was turned over by such druggist to his son who rang the amount up on the cash register, was not notice to the company that its funds were being mingled with the funds of such druggist.

5. CORPORATIONS, § 387*—*when notice to employees of corporation not notice to corporation.* Notice to every employee of a corporation would not be held notice to the employer.

6. EXECUTORS AND ADMINISTRATORS, § 326*—*when trust funds need not be identified before claim allowed as of sixth class.* It is not necessary to identify trust funds before a claim may be allowed against the estate of the trustee as of the sixth class.

Appeal from the Circuit Court of Cook county; the Hon. GEORGE F. BARRETT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1918. Affirmed. Opinion filed October 15, 1919. *Certiorari* denied by Supreme Court (making opinion final).

BYRON W. WIGHT and JOE BEATTY BURTT, for appellants.

CHARLES B. ELDER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Adams Express Company filed its claim in the Pro-

bate Court against the estate of George D. Oglesby, deceased. It was allowed for $2,510.59, as of the sixth class. An appeal was taken by the administratrix of the estate and a creditor to the Circuit Court of Cook county, where the case was tried by a judge and a jury, and at the close of all the evidence there was a directed verdict in favor of the claimant, and its claim again allowed as of the sixth class for the full amount. The administratrix and the creditor have prosecuted this appeal.

There is no contention but that the claim is correct in every particular, except that appellants contend that it should have been allowed as of the seventh class and not as of the sixth class.

The record discloses that George D. Oglesby, the deceased, was conducting a drug store in Chicago, and was appointed by the express company to sell money orders, for which he was to receive compensation, and was to remit the proceeds to the express company. The appointment of the deceased by the express company was evidenced by a written instrument, in and by which the deceased agreed to keep the money orders and the proceeds of the sale of them in trust for the express company, entirely separate and distinct from any other funds in his hands. After Oglesby's death it was found that he had sold, and failed to remit to the express company, money orders aggregating $2,510.59. The estate was insolvent. If the claim is allowed as of the sixth class mentioned in chapter 3, sec. 70, Rev. St. (J. & A. ¶ 119) it will be paid in full, but if it is allowed as of the seventh class mentioned in the same section, it will be paid only pro rata with the other creditors.

On the trial appellants contended that it should not be allowed as of the sixth class for two reasons: (1) That a claim of this class cannot be allowed unless the funds can be specifically traced and distinguished from other funds of the estate; and (2) because the

express company waived the terms of the written trust agreement entered into between it and the deceased by knowingly permitting the deceased to commingle the funds of the express company with other funds of his own. These two questions, therefore, are the only ones proper for our consideration.

Claims of the sixth class are defined in section 70, ch. 3, Rev. St. (J. & A. ¶ 119) as follows: "Where deceased has received money in trust for any purpose, his executor or administrator shall pay out of his estate the amount thus received and not accounted for." It is agreed that the $2,510.59, the amount for which claim was allowed as of the sixth class, was not kept separate and apart from other funds of the deceased, and, therefore, the funds could not be separately traced or identified. We think it clear that the provision of the statute just quoted does not require that the funds be kept separate and distinct before a claim can be allowed as of the sixth class. If it was necessary that this be done, then the provision of the statute would be meaningless. Because there is no reason why the Probate Court may not order a fund kept separate and distinct turned over to the claimant absolutely, for in such circumstances the fund was not a part of the estate at all, but the property of the claimant and should be delivered to him upon order of the court and not allowed as of any class. If it should be allowed only as of the sixth class and the estate insolvent, the claimant might receive nothing in case all the estate was required to pay claims of the first, second, third, fourth and fifth classes.

The next point made is that the express company knowingly permitted the commingling of the funds derived from the sale of money orders with funds of the deceased, thereby waiving the terms of the written agreement between the parties, and, therefore, the funds were held by the deceased in his lifetime as an

agent only of the express company, and in these circumstances, of course, the claim should be allowed only as of the seventh class. *Wilson v. Kirby,* 88 Ill. 566; *Svanoe v. Jurgens,* 144 Ill. 507.

The evidence on this point tends to show that prior to deceased's death he remitted proceeds obtained by him from the sale of the money orders to the express company by means of his personal check; (a) that one Duffy, representing the express company, used to come around once in a while to collect for money orders; that the book containing the stubs would be checked over and that on one occasion when Duffy called, a person came into the store for a money order, Duffy filled out a blank money order, gave it to the customer, collected the cash and turned the cash over to deceased's son who was assisting in the conduct of the drug business; that the son rang the money up in the cash register, and that Duffy was standing about one and one-half feet from him at the time; that the money was thus mingled with other funds belonging to the deceased and at the close of business deposited in his bank account.

It does not appear that the express company knew that its funds were deposited by the deceased with other funds belonging to him, and we do not believe that the fact that remittances were made by the deceased, by giving his personal check, put the express company on notice that its funds were being mingled with funds of the deceased, for it might well be that the deceased kept the funds in a separate account in the bank for his own convenience. The evidence also fails to show that Duffy actually knew that the money was being mingled, or that, if he did know of it, he did not make any objection. Nor do we think it appears that notice to Duffy would be notice to the company, for notice to every employee of a corporation would not be held notice to the employer. We think the evi-

dence was insufficient to show notice to the express company.

Moreover, it is held by our Supreme Court in the case of *Hay v. Bennett*, 153 Ill. 277, that it is not necessary to identify funds before a claim may be allowed as of the sixth class. *Condon v. Schoenfeld*, 214 Ill. 226.

The judgment of the Circuit Court of Cook county is affirmed.

*Judgment affirmed.*