422    APPELLATE COURTS OF ILLINOIS.

Klaiber v. South Side Elevated Railroad Co., 226 Ill. App. 422.

## Leslie Klaiber, by Paul Klaiber, Appellee, v. South Side Elevated Railroad Company, Appellant.

### Gen. No. 27,285.

1. STREET RAILWAYS—*proof of facts from which negligence is inferable under doctrine of res ipsa loquitur.* The doctrine of *res ipsa loquitur* cannot be invoked to charge an elevated railway for injuries sustained by a boy who received electric burns from a metallic pillar supporting the elevated structure, where there is no evidence tending to connect the defendant with control of the electric current which produced the injuries or that defendant was negligent within the meaning of the doctrine, it being shown merely that the accident occurred and that one of defendant's trains was passing on the structure overhead at the time thereof, against which it was shown that the pillar ordinarily carried no electric current, that it was scientifically almost impossible for it to become dangerously charged, and that any interruption in the electric connections sufficient to cause the injuries would have caused an interruption of the service, which did not occur.

2. PLEADING—*matters not admitted by plea of general issue.* In an action against an elevated railway for injuries alleged to have been received from an electric current with which a metallic pillar supporting the elevated structure was alleged to have been charged, plaintiff is not relieved of the necessity of proving his allegation that the structure, the metallic supports, wires and cables thereof and also the current were under the control and possession of the defendant by defendant's plea of the general issue thereto, since such allegation is not mere matter of inducement but a substantial averment which must be proven.

Appeal from the Circuit Court of Cook county; the Hon. HARRY B. MILLER, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded. Opinion filed October 30, 1922.

ADDISON L. GARDNER and CARROLL H. JONES, for appellant; WILLIAM A. MORROW and WALTER M. FOWLER, of counsel.

MORSE IVES and H. H. PATTERSON, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

This is an appeal by the defendant from a judgment in the sum of $3,000, entered in favor of the plaintiff on the verdict of a jury in an action on the case for personal injuries. The appellant argues only two points: first, that the finding of the jury is against the manifest weight of the evidence; and second, that the amount of damages allowed is excessive.

There was uncontradicted evidence for the plaintiff tending to show certain facts alleged in the declaration, namely, that the defendant is a common carrier of passengers by an electric elevated railway in the City of Chicago; that it owned and controlled this railway at the time of the accident; that part of the road ran between 59th place and 60th street in north, south, and westerly directions, and across a certain alley; that the tracks of the railway were built on piers, and that these tracks were held in place by an iron structure which rested on the piers; that at the top of the structure the defendant, for the purpose of propelling its trains, had placed certain wires and cables charged with a dangerous electrical current.

There was also evidence for the plaintiff tending to show that he was injured at the time and place alleged, and that the injury received was caused by an electrical shock and burns sustained by him while standing on the ground in the alley with his hand placed on one of the steel pillars upon which the structure rested and just at the time when one of defendant's trains of cars passed over the structure at that particular point. Plaintiff testified that he had played with electrical toys, etc., and was familiar with the indications of shocks from electricity, and that he recognized such indications at the time he was injured. He is corroborated in part by a playmate who was with him at the time, and by this playmate's mother, who assisted in taking care of the injured hand, and by his father and mother, who also assisted in caring for it, and by the doctor who treated the injury, although the evi-

dence of the doctor is not very clear or definite.

The plaintiff, a boy eleven years of age at the time of the accident, was accompanied by a playmate about twelve years of age. Plaintiff was taken to a hospital for treatment and remained there about a week. The defendant was notified of the plaintiff's claim a day or two after the injury, and therefore had reasonable opportunity to investigate the circumstances. The evidence for the plaintiff tends to show that there was considerable bleeding of the injured hand, and experts for the defendant testify that this is inconsistent with the theory that the injury was caused by an electrical burn because, as they say, such burns invariably close up the capillaries and veins in a way that prevents bleeding.

The defendant also contends that there are other facts in evidence which are inconsistent with the theory that plaintiff's injury was caused by electrical burning; but we think it is unnecessary to discuss the preponderance of the evidence in this particular respect or, indeed, to discuss any question in the case other than whether the evidence is sufficient to sustain the allegations of the declaration that the defendant was guilty of negligence proximately tending to cause plaintiff's injury.

The declaration in its several counts charged specifically that the defendant was negligent in that it carelessly constructed and attached the overhead wires; that the cable of wires was improperly and insufficiently insulated; that it permitted its wires and cables to be in a defective, dangerous and weak condition; that it negligently failed to inspect its wires, cables, structures, etc.; that it had permitted wires, cables, etc., to be constructed, attached and maintained in a weak and insecure and defective way; that it had negligently allowed one of the metal supports to be charged with electricity, and that the structure as maintained was an attractive nuisance. To all these counts defendant pleaded the general issue.

As we understand it, appellee does not contend that there is any direct evidence tending to prove the specific negligence alleged in the declaration. The uncontradicted evidence tends to show that the pillar in question was not ordinarily charged with electricity. One of the employees of the defendant, accompanied by an expert employee of the City of Chicago, went to this pillar on June 20, 1921, after the injury, and tested the pillar with a volt meter. This test showed about one-tenth of a volt of electricity in the base of the pillar at that time. Defendant also introduced evidence (which is uncontradicted) tending to show that no repairs were made on the elevated structure or cable or the third rail before or after the accident, and that there was no interruption of the power on the day of the accident or immediately prior to its occurrence. The uncontradicted evidence also shows that the cable was maintained on the elevated structure for the purpose of supplying the third rail with electrical current by which the trains were operated; that the third rail and cable were charged with about 600 volts of electricity; that both the rail and the cable were supported on insulators that rested on wooden ties; that there were double railway tracks, each of which had a third rail, and that these rails were located between the tracks and held a cable box, which was used as a footpath by employees while in the discharge of their duties; that the power station was located at 63rd street and Wentworth avenue, where the defendant maintained a circuit breaker, the purpose of which was to break the circuit and shut off the current when there was any grounding of the cable or interruption in the volt current. In such case the circuit breaker would open and sound a warning signal, and it would automatically shut off the current from the place affected until the breaker was again closed. Defendant offered evidence (which is uncontradicted) tending to show that neither before nor after the ac-

cident was there any disturbance on any account; that no repairs were necessary and no defects of any kind discovered; that the cable would not come into contact with the steel structure in any manner unless it broke, and that the ties upon which the third rail rested were of yellow pine, which is practically a nonconductor of electricity.

There was also uncontradicted scientific evidence for the defendant tending to show that the electrical shock could not have been caused by a current in the steel pillar; that this was a physical impossibility in the first place because any electrical current getting into a steel structure would at once return to the power house through the structure and along the line of least resistance; and, secondly, because, assuming that the current went down the pillar, the ground and the structure being banded together so as to constitute one electrical system, the potential of the ground and the pillar was practically the same, and an electrical shock was, under these circumstances, practically impossible.

Appellee contends, however, that the evidence is sufficient to warrant a recovery upon the theory of *res ipsa loquitur,* and we think the controlling question in the case is whether that doctrine is applicable to the facts. That doctrine, as we understand it, simply states a rule of evidence. In *Sweeney v. Erving,* 228 U. S. 233, the Supreme Court of the United States said:

"*Res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence. \* \* \* That they furnish circumstantial evidence of negligence, where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient."

In *Feldman v. Chicago Rys. Co.,* 289 Ill. 25 [19 N. C. C. A. 279], the cases in this State are reviewed and the law stated to be as follows:

"The rule is that negligence is never presumed, but

that the circumstances surrounding the case, where the maxim of *res ipsa loquitur* applies, amount to evidence from which the facts of negligence may be found; that is, in a case within the maxim of *res ipsa loquitur,* proof of the circumstances of such case and of the injury constitutes a *prima facie* case of negligence, and will justify a verdict, unless such prima facie case is overcome by proof showing that the party charged is not at fault.''

In the later case of *McClurg v. Hoopestown Gas & Electric Co.,* 303 Ill. 89 [21 N. C. C. A. 534], the court quotes with approval the language of *Chicago Union Traction Co. v. Giese,* 229 Ill. 260, as follows:

'The more accurate statement of the law is that negligence is never presumed, but that the circumstances surrounding a case where the maxim *res ipsa loquitur* applies amount to evidence from which the fact of negligence may be found.''

In Shearman & Redfield on The Law of Negligence, vol. 1, sec. 58a, it is said of *res ipsa loquitur:*

''This maxim is peculiar to the law of negligence. It is more frequently applied to passenger cases, but not exclusively so. * * * An inference or presumption of negligence arises, not from the injury itself, as has sometimes been incorrectly said, but from the very nature of the cause of the injury. In such cases it is said the efficient cause of the injury itself declares its negligence character. This is the doctrine of *res ipsa.* Certain conditions must concur; the causative force of the injury must be shown to be controlled by the defendant; it must also appear that there was no other equally efficient proximate cause. If, from the nature of the event causing the injury, an enquiry naturally arises which one of two or more persons, acting independently, is responsible; or, if it appear that the injury was proximately caused by the independent acts of two or more persons, the application of the maxim is excluded by its terms. Finally, it must appear that the cause of the injury was something out of the usual order. * * * Where the thing is shown to be under management of the defendant or his servants, and the

accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from the want of proper care.''

This last statement of the law is quoted from the opinion of Earle, C. J., in *Scott v. London Docks Co.*, 3 H. & C. 596.

Appellant says the doctrine is not applicable here because ''the fact that the current, if there was a current, was in defendant's pillar, does not show that the current was under the control of the defendant.'' To this plaintiff replies that ''the additional count of plaintiff's declaration alleges that said structure and said metal upright support and said wires and cables and said electrical current were under the exclusive control and possession of the defendant''; and further, that as the defendant filed only the general issue under the pleadings, all these matters so alleged must be taken to be true. On this point the plaintiff relies on *Chicago Union Traction Co. v. Jerka*, 227 Ill. 95, and other cases in which that decision has been followed. The rule announced in the *Jerka* case, *supra*, has been somewhat modified by the later case of *Clark v. Wisconsin Cent. Ry. Co.*, 261 Ill. 407. But however that may be, we think the allegations of the declaration, that the control of the electrical current causing the injury to plaintiff was in defendant, is not mere matter of inducement, but is on the contrary a substantial averment of the declaration, without proof of which defendant cannot be held liable. It was so regarded by the parties on the trial of the case, evidence being offered by defendant on that point, which was received without objection. If plaintiff regarded this evidence as inadmissible or immaterial under the pleadings, objection should have been made on that ground. In such case the court might have sustained the objection, if it thought proper so to do, but allowed the defendant to file a special plea. Not

having urged any such objection to this evidence in the trial court, we think plaintiff ought not to be permitted to urge this point here. We think that the doctrine of *res ipsa* is not applicable to the facts as they appear in this record. In the first place, because the thing that caused the injury, that is the supposed electrical current, is not shown to have been under the control of defendant. Assuming that the steel pillar was charged, we cannot guess that the current in it came from the current which was used by defendant. In the second place, we think the doctrine not applicable because the accident itself does not speak negligence within the meaning of that doctrine. In other words, the nature of this accident is not such as that negligence of defendant will necessarily be inferred therefrom. The accident itself is not proof of the negligence; there must be circumstances connected with the accident from which the negligence may be inferred. Such circumstances are absent here. The circumstances proved do not speak negligence on the part of the defendant, and these facts cannot be made to so speak without drawing inference from inference and basing presumption upon presumption.

Plaintiff testifies that while holding his hand upon the pillar or column he received an electrical shock and burn. It may be inferred from that fact that an electrical current at that moment passed through the pillar; but the further inference that the current which passed through the pillar was controlled by the defendant cannot also be based thereon, much less the yet further inference that the defendant was negligent in the control of that current. A presumption cannot be based upon a presumption. *Globe Acc. Ins. Co. v. Gerisch,* 163 Ill. 625; *Condon v. Schoenfeld,* 214 Ill. 226.

The evidence in this record tends to show the mere happening of an accident, without circumstances from which an inference of negligence as alleged may be

drawn. The argument for appellee does not suggest any specific particular in which it is claimed the evidence shows that defendant was negligent. We have no right to guess away defendant's money. The plaintiff must always prove material averments of his declaration by a preponderance of the evidence. The evidence is not sufficient in this case to establish such negligence. The judgment will therefore be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

McSURELY, P. J., and DEVER, J., concur.