## Mabel Fitch, Appellee, v. Monarch Accident Insurance Company, Appellant.

1. EVIDENCE—*presumption based upon presumption.* A presumption cannot be based upon another presumption.

2. INSURANCE—*sufficiency of evidence to show death due to bursting of blood vessel was result of strain.* Where, in an action upon a policy insuring the plaintiff's decedent against death due to "a bodily injury, caused solely by external, violent and accidental means, which did leave visible marks of contusions and wounds upon his body," it was shown that the immediate cause of death was the bursting of a blood vessel in the left lung, evidence that immediately before his death the insured was pushing a lawn mower across a depression in his lawn, some five or six inches wide and about the same depth, held insufficient to support a judgment for plaintiff on the theory that the bursting of the blood vessel resulted from a strain in pushing the mower across such depression, where it was equally consistent with the evidence to infer that the bursting of the blood vessel resulted from a weakened condition of the walls thereof.

3. EVIDENCE—*admissibility of testimony of physician as to visibility of wounds on body of insured, in action on accident policy.* In an action upon a policy insuring against death due to "a bodily injury, caused solely by external, violent and accidental means, which did leave visible marks of contusions and wounds upon his body," etc., wherein it was shown that the immediate cause of death was the bursting of a blood vessel in the lungs, testimony of a physician who examined the body of the insured after the accident that he observed a visible mark of a wound on the deceased, held erroneously admitted, over objection, because invading the province of the jury.

4. INSURANCE—*burden of proof of allegations as to cause of death, in action upon accident insurance policy.* In an action

upon a policy of insurance against death by accident, the burden is upon the plaintiff to prove the allegations of the declaration touching the cause of death, in order to warrant a recovery.

5. INSURANCE—*sufficiency of evidence to show death due to causes within terms of accident insurance policy.* In an action upon a policy of insurance against death by accident, evidence held insufficient to show that the death of the insured was due' to causes within the terms of the policy.

Appeal by defendant from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1925. Reversed and remanded. Opinion filed February 17, 1926.

W. G. MURPHEY, for appellant; GURDON W. GORDON, of counsel.

CHARLES H. HOLT, for appellee.

MR. PRESIDING JUSTICE BOGGS delivered the opinion of the court.

Appellee instituted suit in the circuit court of Marion county to recover on an accident policy for the death of her husband. A trial was had, resulting in a verdict and judgment in favor of appellee for $2,000. To reverse said judgment, this appeal is prosecuted.

The principal ground relied on for a reversal of said judgment is the alleged error of the trial court in denying the motions made at the close of appellee's evidence, and again at the close of all the evidence, to exclude the evidence and to direct a verdict in favor of appellant.

The record discloses that on May 22, 1924, the insured had been mowing his yard, and shortly before noon he came into the house, apparently quite ill. Appellee helped him to bed and a doctor was called. The insured died some fifteen minutes thereafter, from the bursting of a blood vessel somewhere in the left lung. No one saw the insured immediately prior to his coming into the house, and from that time until his death

Fitch v. Monarch Accident Ins. Co., 239 Ill. App. 479.

he was evidently unconscious.  There was no autopsy, but the two doctors who examined the insured both testified that there was a slight bulging over the left lung, and that blood was oozing from the mouth and nose.  Other than this, there was nothing to indicate an injury to the body of the deceased.  In reference to the circumstances surrounding the insured at the time in question, the evidence discloses that there was a small depression, some five or six inches in width and some five or six inches in depth, running across the yard of the insured; that some five minutes prior to the insured coming into the house, he had been seen operating his lawn mower, and evidently had pushed the mower over this depression, as it was found only a few feet past the same after the death of the insured.

The declaration declared on a policy which provided for a recovery based on "a bodily injury, caused solely by external, violent and accidental means, which did leave visible marks of contusions and wounds upon his body," etc., "causing death," etc.  Counsel for appellee insists that, although there was no contusion, bruise, wound or dislocation externally upon the body of the deceased, that the bulging over the left lung from the collected blood, in contemplation of said policy, amounted to a visible mark, contusion or wound upon his body; while the theory of counsel for appellant is that the policy contemplates only such an injury as would leave a wound or contusion of some kind upon the exterior of the body, which would be visible to the naked eye; that the mere bulging of the lung, or the oozing of blood from the nose and mouth, was not such a bodily injury as was contemplated by the language of the policy.

It is the further contention of counsel for appellee that the bursting of said blood vessel was caused by a jar or strain, and that as there was nothing else disclosed by the evidence which could have jarred or caused said strain, it therefore must have been caused

by the pushing of said lawn mower across said depression. In other words, the whole theory of appellee's case is based on the following presumptions: First, that the insured did receive a strain or jar from the operation of said lawn mower; and second, that said strain or jar caused the bursting of said blood vessel.

As a general proposition of law, a presumption cannot be based on a presumption. *Globe Accident Ins. Co. v. Gerisch,* 163 Ill. 625-629; *Condon v. Schoenfeld,* 214 Ill. 226-229; *Ohio Bldg. Safety Vault Co. v. Industrial Board,* 277 Ill. 96-110 [14 N. C. C. A. 224]; *City of Chicago v. Carlin,* 141 Ill. App. 118-121; *Sertaut v. Crane Co.,* 172 Ill. App. 477-487; *Campbell v. Centralia Gas & Electric Co.,* 224 Ill. App. 589-591; *Klaiber v. South Side El. R. Co.,* 226 Ill. App. 422-429.

In *Globe Accident Ins. Co. v. Gerisch, supra,* the court at page 628 says:

"Several physicians were in attendance at the bedside of Gerisch, all of whom testified at the trial, * * * and give it as their opinion that some strain or external violence caused the injury which resulted in their patient's death. This evidence is sufficient, when uncontradicted, to make out the point sought to be established by it,—that is, that Gerisch was strained or was injured by some external force. There is, however, no proof that the deceased strained and injured his body 'by lifting a box of cinders and ashes,' and one essential fact,—indeed, the all-important fact,—is therefore wanting in order to make out this case. If, from the fact that he lifted a box of ashes and from the further fact that he not long afterwards suffered from the effects of a strain, it can be inferred that such strain was caused by so lifting said box of ashes, the missing link in the chain will be supplied. But this presumption cannot be indulged. As we have seen, the fact upon which it is sought to base this presumption, viz., that Gerisch lifted the box, is itself but a presumption drawn from other facts in evidence, and the law is that a presumption cannot be based upon a pre-

sumption, for there is no open and visible connection between the facts out of which the first presumption arises and the fact sought to be established by the dependent presumption. (Citing: *Douglass v. Mitchell's Ex'r*, 35 Pa. St. 440; *United States v. Crusell*, 14 Wall. 1; *United States v. Ross*, 2 Otto 281.) In the case last cited it is said, in passing upon this question: 'Such a mode of arriving at a conclusion of fact is generally, if not universally, inadmissible. No inference of fact or of law is reliable drawn from premises which are uncertain. Whenever circumstantial evidence is relied upon to prove a fact, the circumstances must be proved, and not themselves presumed.' "

In order to draw an inference that the death of the insured was caused by a strain or jar, there should be proof by direct evidence, and not by inference, that he did so receive said jar or strain. It will not suffice to presume that he received a jar or strain from the operation of the lawn mower, and then found upon this presumption another, that said jar or strain caused the bursting of said blood vessel. The evidence in the record further tends to show that the bursting of the blood vessel may have resulted as well from a weakened condition of the walls of such blood vessel as from a jar or strain.

It is also insisted that the court erred in allowing the witness, Dr. Logan, to testify over the objection of appellant that he observed a visible mark of a wound on the deceased. This testimony on the part of the doctor, we think, invaded the province of the jury, and the court should have sustained an objection to the question. *City of Chicago v. Didier*, 227 Ill. 572-575; *Illinois Cent. R. Co. v. Smith*, 208 Ill. 608-612.

The burden of proof was upon appellee to prove the allegations of her declaration in order to warrant a recovery. This she has failed to do. For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*