William Day, Appellee, v. Chicago & Northwestern Railway Company, Appellant.

Gen. No. 8,518.

436

Opinion filed February 23, 1933.

NELSON J. WILCOX and MILLER, ELLIOTT & WESTER-VELT, for appellant.

JOHN E. CASSIDY, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

This is an action of trespass on the case to recover damages for personal injuries under and by virtue of the Federal Employers' Liability Act, which in substance is as follows: "Every common carrier by railroad while engaging in commerce between any of the several States . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce." Cahill's St. ch. 114, ¶ 321.

The plaintiff, appellee here, filed his suit in the circuit court of Peoria county and alleged that the defendant company was the owner of a railroad, including tracks, roadbed, instrumental and incidental to, and ordinarily used in, the operation of railroad trains, and incidental to the same the defendant company operated a certain roundhouse in South Pekin, in the county of Tazewell, State of Illinois, and that said roundhouse was maintained and operated for the re-

pair and care of locomotive engines owned by the defendant and used on their said railroad.

Plaintiff averred that on February 21, 1929, the defendant was engaged in the business of carrying freight, which is commonly known as interstate commerce as described in the Statutes of the United States and the State of Illinois; that on said 21st day of February, 1929, and for a long time preceding that date, the plaintiff was employed by the defendant as repair man in repairing locomotives of the defendant in said roundhouse; that on said date he was directed by his foreman to do work on a certain locomotive of the defendant in said roundhouse; that said engine had been used by the defendant in interstate commerce, and that it was the intention of the defendant company to put said engine back in interstate commerce as soon as the repairs had been completed on the same. The plaintiff further avers that while he was in the exercise of reasonable care for his own safety, and while working upon this said locomotive, that through the carelessness and negligence of the servants of the defendant, the plaintiff was injured and suffered great damage.

The defendant filed a plea of general issue, and gave notice of proof of assumption of risk and contributory negligence.

The case was heard before a jury. At the close of the plaintiff's evidence, the defendant asked the court to direct a verdict in its favor. The defendant then offered evidence and at the close of all of the evidence defendant renewed its motion for a directed verdict. This motion was also denied. The jury by their verdict found in favor of the plaintiff and assessed his damage at $35,000. Motion in arrest of judgment was overruled, and judgment was entered in favor of the plaintiff and against the defendant in the sum of $35,000, and the case comes to this court on appeal.

The appellant insists that the evidence fails to show that the appellee was injured while he was working on an engine which was engaged in interstate transportation, or was so closely related to it as to be a part thereof. It will be noted that the defendant company filed a plea of general issue, and the appellee now insists that by filing such plea the appellants admitted that they were the owners, not only of the engine in question and that they were engaged in interstate commerce, but also that the plaintiff was injured while engaged in interstate commerce, or so closely related that it would be practically a part thereof.

The appellee, in his brief, has cited numerous cases to sustain his contention, but an examination of those cases discloses that none of them goes so far as appellee's contention in this case. No doubt the plea of the general issue in a case of this kind admits ownership of the railroad and also the ownership of the engine upon which the plaintiff was working at the time he was injured.

We have been unable to find any case in which the present question was squarely raised before the court, but in the case of *Carr v. United States Silica Co.,* 153 Ill. App. 511 (a Second District case) in which the question whether a plea of general issue admitted that the injury of the plaintiff was caused by the servants of the defendant, the court in that case held that the plea of general issue did not admit such facts, but that it was incumbent upon the plaintiff, when he had averred the same in his declaration to prove that as a question of fact. The same doctrine is announced in *Condon v. Schoenfeld,* 214 Ill. 226. We are of the opinion that the defendant, by filing a plea of general issue, did not admit that the plaintiff at the time of the injury was engaged in interstate transportation work and the burden was upon the appellee to prove that as a question of fact.

At the time of the hearing, counsel for the appellant admitted that the railroad company was engaged in interstate commerce and waived any proof of that fact. By this stipulation the appellee insists that the defendant admitted also that the engine on which the plaintiff was working at the time of the injury was engaged in interstate transportation. From a reading of what was said between the attorneys and the court at that time, we do not believe it is subject to the interpretation which the appellee has placed on it. It may well be said that the defendant railroad was engaged in interstate commerce, and yet, the engine on which the plaintiff was working may have had no connection whatever with such transportation.

In the case of the *Chicago & N. W. Ry. Co. v. Bolle,* reported in 284 U. S. 73, the court calls attention to the difference between transportation and commerce, and says: "Having in mind the nature and usual course of the business to which the act relates and the evident purpose of Congress in adopting the act, we think it speaks of interstate commerce, not in a technical legal sense, but in a practical one better suited to the occasion, and that the true test of employment in such commerce in the sense intended is, was the employee at the time of the injury engaged in interstate transportation, or in work so closely related to it as to be practically a part of it. (See *Swift & Co. v. United States,* 196 U. S. 375, 398, 49 L. Ed. 518, 525, 25 Sup. Ct. 276.)

"It will be observed that the word used in defining the test is 'transportation,' not the word 'commerce.' The two words were not regarded as interchangeable, but as conveying different meanings. Commerce covers the whole field of which transportation is only a part; and the word of narrower signification was chosen understandingly and deliberately as the appropriate term. The business of a railroad is not to

carry on commerce generally. It is engaged in the transportation of persons and things in commerce; and hence the test of whether an employee at the time of his injury is engaged in interstate commerce, within the meaning of the act, naturally must be whether he was engaged in interstate transportation or in work so closely related to such transportation as to be practically a part of it.''

It is our opinion that the plea of general issue and the admission of the attorney for the defendant did not relieve the plaintiff from proving that, at the time he was injured, the engine on which he was working was engaged in interstate transportation or work so closely related to it as to be practically a part thereof.

The next question for the court is: ''Was the plaintiff so engaged at the time of the injury?'' This same question was before this court in the case of *Bolle v. Chicago & N. W. Ry. Co.,* and reported in vol. 235 Ill. App. 380. In that opinion we reviewed many of the cases in the United States Supreme Court and differentiated them from the *Bolle* case. In the *Bolle* case the court followed the rule as laid down in the case of *Shanks v. Delaware, L. & W. R. Co.,* 239 U. S. 556, which is similar to this case.

In the *Shanks* case it was held that an employee in a machine shop operated by a railroad company in which locomotives used in interstate transportation were repaired, was not employed in interstate commerce within the meaning of the Employers' Liability Act, as it appeared that he was injured while engaged in taking down and putting into a new location the overhead countershaft to which power was communicated to some of the machinery in the repair work. In the present case it is not disputed that the engine on which the plaintiff was working at the time he was injured on February 21, 1929, had been used in the interstate work on defendant's railroad, and on Feb-

ruary 14, 1929, was withdrawn from active use and put in the shops of the defendant company at South Pekin, Illinois, and was not put back into active use until March 16, 1929, a period of 30 days in which it was not used in any kind of transportation. When it was again used it was put back into the same kind of work in which it had been engaged prior to the time it was put into the shops for repair.

In the case of the *New York Cent. R. Co. v. Marcone*, 281 U. S. 345 (cited by appellee), a man was employed as an oiler, who oiled and greased engines in the roundhouse of the defendant. He was engaged in oiling and greasing engines that had come in from a run carrying interstate commerce and was being taken out and again engaged in the same work. A reading of the case discloses that whether the engine on which the deceased had been working was engaged in interstate transportation was not a question in the case. The deceased had finished his work on this particular engine and the hostler had gotten onto the engine and was backing it out, preparatory to turning it on the turntable to be used in hauling freight, when the engine ran over the deceased and killed him. The main contention of the defendant was that the deceased had finished his work on this particular engine and the foreman of the roundhouse had directed him to go to work on another engine and he was not engaged in that work at the time he was killed. The court held that he was still on duty, and his presence on the premises was so closely associated with his employment in interstate commerce as to be incident to it, and entitled him to the benefits of the Employers' Liability Act.

In the case of the *Industrial Accident Commission of California v. Davis*, 259 U. S. 182, an employee of the railroad company was working in a general repair shop of said company upon an engine which had

been engaged in interstate commerce. The engine was being repaired with the expectation of again being employed in such commerce and at the time it was stripped and dismantled. It had been in the shops for a month. The employee was injured while working on said engine. It was held that he was not engaged in interstate transportation, or work so closely related thereto as to be practically a part thereof.

In the case of the *Minneapolis & St. Louis R. Co. v. Winters,* 242 U. S. 353, an employee of the railroad was injured while making repairs in the roundhouse upon an engine which had been used by the defendant company in hauling freight trains carrying both interstate and intrastate freight. After the man was injured the engine was used in the same manner. It was held that the employee was not engaged in interstate transportation within the meaning of the Federal Employers' Liability Act. In that case the court say: "The plaintiff was making repairs upon an engine. This engine 'had been used in the hauling of freight trains over the defendant's line. . . . which freight trains hauled both intrastate and interstate commerce, and it was so used after the plaintiff's injury.' The last time before the injury on which the engine was used, was October 18, when it pulled a freight train into Marshalltown. It was used again on October 21, after the accident, to pull a freight train out from the same place. That is all that we have, and is not sufficient to bring the case under the act. This is not like the matter of repairs upon a road permanently devoted to commerce among the States. An engine, as such, is not permanently devoted to any kind of traffic, and it does not appear that this engine was destined especially to anything more definite than such business as it might be needed for. It was not interrupted in an interstate haul to be repaired and go on. It simply had finished some interstate business and had not yet

begun upon any other. Its next work, so far as appears, might be interstate or confined to Iowa, as it should happen. At the moment it was not engaged in either. Its character as an instrument of commerce depended on its employment at the time, not upon remote probabilities, or upon accidental later events.''

From an examination of the evidence in this case we are of the opinion that the appellee has failed to prove that the engine on which he was working when injured was engaged in interstate transportation, so as to be practically a part of it, and, therefore, he was not employed in interstate commerce within the meaning of the ''Federal Employers' Liability Act.'' The appellant has assigned other causes of error, but in our view of the case it is not necessary to discuss them as the adjudication of the question that we have discussed fully disposes of the case. The judgment of the circuit court of Peoria county should be and is reversed.

*Judgment reversed.*